HUNT VS. THE TOWN OF WINFIELD.

HUSBAND AND WIFE. *Right of married man to damages for injury to his wife, from defective highway.*

Sec. 120, ch. 19, R. S., provides that "if any damage shall happen to any person, his team, carriage or other property, by reason of the insufficiency or want of repairs of any * * road in any town in this state, the person sustaining such damages shall have a right to sue for and recover the same against such town." *Held*, that a married man may recover under this statute for loss of the services of his wife, and expenses of her sickness, resulting from an accident caused by a defective highway.

APPEAL from the Circuit Court for *Sauk* County.

Action for injuries caused by a defective highway. The main facts will appear from the opinion.

The alleged defect in the highway consisted of "a large rock or stone" suffered to remain "in and near the main traveled track," and against which one of the runners of plaintiff's sleigh struck, causing the injuries complained of. The circuit court instructed the jury, that they must first determine whether the highway was "defective or in want of repair by reason of the stone in question being situated as it was in the highway;" and that, "if it was such an obstacle in the traveled part of the highway as to cause an accident to a person traveling it with ordinary care and prudence, with an ordinarily safe team and harness, it was a defect for which the town was liable if it was the direct and immediate cause of the accident." It further charged, in substance, that if the stone in question was directly in the traveled track, and caused the upsetting of the sleigh and the injury to the plaintiff and his wife, and if the plaintiff

was driving with ordinary care, with an ordinarily safe sleigh, team and harness, then it was a defect in the highway.

Verdict and judgment for the plaintiff; and defendant appealed from the judgment.

*G. Stevens* and *C. C. Remington*, for appellant:

The statute speaks only of damage which "shall happen to any person, *his team, carriage or other property*," and gives a right of recovery for "*such* damage" only. This statute should be strictly construed, being an innovation upon the established principles of the common law. Blackw. on T. T., 712, clause 7. And it should be so construed that, "if possible, *no* sentence, clause or word shall be treated as superfluous, void or insignificant, especially when the two clauses are parts of the same section, inseparably connected with and dependent on each other." Blackw. T. T., 715, and cases there cited. To give any effect whatever to the words, "his team, carriage or other property," this statute must be held to provide for two distinct classes of injuries: first, injuries to the person, in the sense of bodily injuries; and second, injuries to *property*. It cannot be contended that an injury to the wife is a personal bodily injury to the husband. If he is to recover for it, therefore, it must be under the head of damage to *property*. But as a man's wife is not his property, damage to her is not damage to his property. And his contingent right to her services is not property capable of sustaining damage or being injured; for it never had any existence as a thing — not even as a *chose in action*. Property is "the right or interest one has in lands or chattels." Bouv. Law Dic., *sub verbo*, and cases cited. It is "the highest right a man can have to anything, being used for that right which one has to lands or tenements, goods or chattels, which no way depends on another man's courtesy." *Ibid*; SPENCER, C. J., in 17 Johns., 281, 283. Had the legislature intended to create a right of action for such consequential damages, it would merely have said, "If any person shall sustain any damage," etc. To the point that the statute does

not cover damage to property *not in transit on the highway*, see *Harper v. Milwaukee*, 30 Wis., 365; *Ball v. Winchester*, 32 N. H., 435. The statutes of Connecticut and Maine provide: "If any person shall lose a limb, break a bone, or receive any other injury in his person or in horse, team, *or other property*," etc. It is evident that our legislature intended to provide in fewer words for the same classes of injuries covered by these statutes. And the construction for which we contend is well established in those states. *Chidsey v. Canton*, 17 Conn., 475; *Reed v. Belfast*, 20 Me., 246. 2. The question whether the highway was defective or not, was one of fact for the jury, in the decision of which they were to take into consideration all the circumstances of the case, the nature of the country, whether new or old, the soil, the surface, the amount and kind of travel, etc. *Wheeler v. Westport*, 30 Wis., 392. But here the jury were given one unvarying standard by which to judge of the sufficiency of the highway, and distinctly told that if the accident resulted directly from the stone (the plaintiff not being guilty of negligence), the town was absolutely liable, no matter what the other circumstances of the case might be.

*J. W. Lush*, for respondent. [No brief on file.]

COLE, J. This action was originally brought in a justice's court to recover damages for an injury sustained by the plaintiff by an alleged defective highway. He was riding at the time of the accident with his wife, and both were thrown out of the sleigh and injured. On appeal to the circuit court, the plaintiff asked and obtained leave, against the defendant's objection, to amend his complaint, and claim as a portion of his damages the loss of the services of his wife caused by her injury, together with such expenses as he had incurred for care and medical aid, which he had been compelled to pay in consequence of her sickness. The circuit court not only allowed the amendment, but, among other things, charged the jury that the plaintiff might recover the damages which the evidence

showed he had sustained by the loss of the service of his wife caused by the injury to her, and moneys expended by him in procuring proper care and medical attendance in curing her. And the first question to be considered is, whether a husband whose wife has been injured by reason of a defect in a highway, can recover, in an action brought in his own name, for loss of his wife's services and for medical aid and other expenses incurred by him in consequence of such injury. It is claimed by the defendant town that it is not liable for such consequential damages to the husband. Our statute enacts that if any damage shall happen to any person, his team, carriage, or other property, by reason of the insufficiency or want of repairs of any road in any town, the person sustaining such damages shall have a right to sue for and recover the same against such town. Section 120, ch. 19, R. S. This provision manifestly affords a remedy for all damages which a party actually sustains by reason of the defect in the highway. The language is, "*if any damage shall happen to any person*, his team," etc., words sufficiently comprehensive to include consequential damages. The object of the provision seems to be to secure to a party compensation, recompense or indemnity for actual loss or damage occasioned or caused by the negligence of the town in failing to keep its roads in proper repair. Now, except in certain cases which need not be here alluded to, the services of a married woman belong to her husband. When he is deprived of those services, he sustains a loss equivalent to their value. The husband is liable to pay for taking care of his wife in case of her sickness; for medical aid, and all expenses of that character. When the wife, through bodily injury, is unable to labor or attend to her domestic duties, or when the husband is compelled to pay debts incurred in consequence of her sickness, he sustains a loss or damage. This proposition seems too plain to require argument or illustration. "If any damage shall happen to any person," the statute gives him a remedy to recover compensation to the extent of the act-

ual loss or injury. And we suppose this expression must be construed to mean recompense, compensation, indemnity to a party for the injury actually received by him by reason of the insufficiency or want of repair of any highway, and precisely commensurate with the injury, whether it be to his person, property, estate or relative rights. See *Woodman v. Nottingham*, 49 N. H., 387.

We were referred on the argument to *Reed v. Belfast*, 20 Maine, 246; *Chidsey v. The Town of Canton*, 17 Conn., 475; and *Harwood v. City of Lowell*, 4 Cush., 310, where it is held that the father or husband cannot recover consequential damages sustained by him in the loss of the services of his wife or minor child, resulting from injuries occasioned by defects in a highway. An examination of the statutes, however, under which these decisions were made, will show that they are unlike our own. It is a fair inference that the court of Connecticut, under the sixth section of their statute, which is in substance like section 120, *supra*, would have given a broader interpretation to the language there used, and held that it included this species of damage or loss, had it not been for the preceding parts of the same statute, which limited or restricted the strength and meaning of this language. But we see no reason for giving our statute any such narrow construction. It gives indemnity for any damage which shall happen to any person; and this necessarily includes the loss of the wife's services and expenses of her sickness.

Exception is taken to certain portions of the charge of the court, that they withdrew from the consideration of the jury the question whether the highway was defective. It seems to us this criticism is not well founded. We shall not quote the charge excepted to, and content ourselves with saying that all' questions of fact were fairly submitted to the jury under proper instructions. The question whether the obstacle in the highway, which caused the injury, constituted a defect and rendered the road unsafe, was left to the jury upon all the evidence. In

the determination of that question the jury would take into consideration all the circumstances bearing upon the point ; the amount of travel, nature of the soil and country, and all such facts as affected the question whether the road was reasonably safe and convenient for public use. And it seems to us all these matters of fact were left to the jury, and that the charge is unobjectionable on that ground.

*By the Court.*—The judgment of the circuit court is affirmed.