MARY E. SOUTH ET AL. v. TOWNSHIP OF WEST WINDSOR
IN THE COUNTY OF MERCER.

Submitted December 7, 1911—Decided March 22, 1912.

1. An allegation in a declaration that it was the duty of the township of West Windsor to keep in "good order and serviceable for public use and travel all of the township roads and highways within the said township, and particularly the township road leading from beyond Princeton Basin to Princeton, passing across the Delaware and Raritan canal at and through Princeton Basin; yet the said defendant, notwithstanding its duty in that behalf, did not make and keep the said public road" in good order, &c., renders the declaration good as against the objection that it fails to aver "that the township road leading from Princeton Basin to Princeton, where the alleged injury occurred, is within the township of West Windsor or that it is a public road."

2. Where the public statute applicable to a case, and upon which the plaintiff relies, is section 192 of the Road act (*Gen. Stat., p.* 2844), it is sufficient if the declaration sets forth facts which bring the case within it; and it is not necessary to expressly designate or refer to the statute.

3. A declaration averring, in substance, that a township did not regard its duty to make provision for the drainage of water from a public road therein, but on the contrary knowingly, willfully and negligently permitted the road to be and continue in an unsafe, dangerous and defective condition for four months next preceding the plaintiff's injury, by leaving the earth therein in such a miry condition as to render the road unsafe and dangerous for public travel, by reason whereof the plaintiff, while walking on the road with due care, was injured, is good as against an objection that it fails to aver that the damage was caused "by means of the insufficiency or want of repair" of the road.

4. At common law the husband could not join in the same suit claims in his own right, even by reason of consequential injuries to him arising from an injury to his wife.

5. Section 21 of Practice act (*Pamph. L.* 1903, *p.* 540), which provides that "In an action by a husband and wife for an injury done to the wife in respect of which she is necessarily joined as co-plaintiff, the husband may add thereto claims in his own right arising *ex delicto*," applies to suits against a township.

6. Section 192 of the Road act (*Gen. Stat., p.* 2844) provides "That if any damage shall happen to any person or persons, his, her or their team, carriage or other property, by means of the insufficiency or want of repairs of any public road in any of the townships of this state, the person or persons sustaining such damage shall have the right to recover the same, with costs, in an action

\* \* \* against such township." *Held*, that a married man may recover under this statute for loss of the services of his wife, and expenses of her sickness, resulting from an accident caused by the insufficiency or want of repair of a public road in the township.

On demurrer to declaration.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the plaintiff, *Harry R. Wilson.*

For the defendant, *John V. B. Wicoff.*

The opinion of the court was delivered by

TRENCHARD, J. Mary E. South and Joseph South, her husband, sue to recover damages from the township of West Windsor, in the county of Mercer, by reason of an injury sustained by Mary E. South because of the condition of a public road upon which she was walking, leading from beyond Princeton Basin to Princeton.

The defendant demurs to the declaration.

The grounds will be considered in the order argued.

*First.* There is no merit in the contention that the declaration fails to aver "that the township road leading from Princeton Basin to Princeton, where the alleged injury occurred, is within the township of West Windsor, or that it is a public road." It avers that it was the duty of the township of West Windsor to keep in "good order and serviceable for public use and travel all of the township roads and highways within the said township, and particularly the township road leading from beyond Princeton Basin to Princeton, passing across the Delaware and Raritan canal at and through Princeton Basin; yet the said defendant, notwithstanding its duty in that behalf, did not make and keep the said public road" in good order, &c. It is, therefore, good as against the objection stated.

*Secondly.* There is no merit in the contention that the declaration is bad because it does not set forth the statute upon which it is founded.

The public statute applicable to the case, and upon which the plaintiffs rely, is section 192 of the Road act. *Gen. Stat., p.* 2844. The declaration set forth facts which bring the case within it. That is sufficient. It is not necessary to expressly designate or refer to the statute. *Thorpe* v. *Rankin,* 4 *Harr.* 36; *Weller* v. *Lehigh and Hudson River Railway Co.,* 52 *Vroom* 95.

*Thirdly.* It is urged that the declaration does not aver that the damage was caused "by means of the insufficiency or want of repair" of the road. We think it does in effect. It avers, in substance, that the defendant did not regard its duty to make provision for the drainage of water from the road, but, on the contrary, knowingly, willfully and negligently permitted the road to be and continue in an unsafe, dangerous and defective condition for four months next preceding the injury complained of, by leaving the earth therein in such a miry condition as to render the road unsafe and dangerous for public travel, by reason whereof Mrs. South, while walking in the road with due care, was injured.

*Fourthly.* The defendant demurs also to the second or last count of the declaration solely "because the alleged damages claimed by the plaintiff Joseph South, as the husband of the plaintiff Mary E. South, by reason of the alleged injuries suffered by her, were not recoverable either at common law or by virtue of any statute."

We are of opinion that the objection is not well grounded.

The damages claimed by the husband are consequential damages, namely, the loss of the services of his wife and the expenses of her sickness.

The plaintiff, of course, concedes that at common law the husband could not join in the same suit claims in his own right, even by reason of consequential injuries to him arising from an injury to his wife. *Ackerman* v. *North Jersey, &c., Railway Co.,* 36 *Vroom* 370.

But section 21 of our Practice act (*Pamph. L.* 1903, *p.* 540) provides that "in an action by a husband and wife for an injury done to the wife in respect of which she is necessarily

joined as co-plaintiff, the husband may add thereto claims in his own right arising *ex delicto,"* &c.

The provisions of the act are not restricted by its terms to actions against individuals, nor against private corporations, and so apply to suits against a township.

By the act under which this suit is brought it is provided "that if any damage shall happen to any person or persons, his, her or their team, carriage or other property, by means of the insufficiency or want of repairs of any public road in any of the townships of this state, the *person or persons sustaining such damage shall have the right to recover the same,* with costs, in an action  *  *  * against such township," &c. *Gen. Stat., p.* 2814, § 192.

This provision manifestly affords a remedy for all damages which a party actually sustains by reason of the insufficiency or want of repair of the highway. The language is sufficiently comprehensive to include consequential damages.  In law, when a husband is deprived of the services of his wife, he sustains a loss or damage. So, too, when he is compelled to pay expenses of her sickness incurred in consequence of her injury, he sustains a loss or damage. These propositions seem too plain to require argument or illustration. "If any damage shall happen to any person," the statute gives him a remedy to recover compensation to the extent of the actual loss or injury.

In the well-considered case of *Hunt v. Town of Winfield,* 36 *Wis.* 154, it was held, under a similar statute, that a married man may recover for the loss of the services of his wife, and the expenses of her sickness, resulting from an accident caused by a defective highway.

In our examination of this topic, we have observed the cases of *Reed v. Belfast,* 20 *Me.* 246; *Chidsey v. Town of Canton,* 17 *Conn.* 475, and *Harwood v. City of Lowell,* 4 *Cush.* 310. In these it was held that the husband could not recover. But an examination of the statutes under which these decisions were made shows that they are unlike our own.

The plaintiffs are entitled to judgment upon the demurrers.