Schwandt (Dorothy), by Guardian *ad litem,* Respondent, vs. The Milwaukee Electric Railway & Transport Company, Appellant.

Schwandt (William), Respondent, vs. Same, Appellant.

*November 9—December 7, 1943.*

For the appellant there were briefs by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondents there was a brief by *T. E. Wedemeyer,* attorney, and *Harry S. Sicula* of counsel, both of Milwaukee, and oral argument by *Mr. Sicula.*

BARLOW, J. . It is contended that appellant's operator was free from causal negligence, as a matter of law, and that if not, the causal negligence of the plaintiff Dorothy Schwandt was as great or greater than appellant's operator, as a matter of law. Upon a careful examination of the evidence we find that there is sufficient evidence to sustain the findings of the jury, and if no other question were involved the judgment would be affirmed without opinion under the rules and practice of this court.

The court ordered judgment in favor of the plaintiff Dorothy Schwandt, an infant, by William Schwandt, her guardian *ad litem,* against the Milwaukee Electric Railway & Transport Company in the sum of $1,200 and also ordered judgment in favor of the plaintiff William Schwandt against the Milwaukee Electric Railway & Transport Company in the sum of $255. The judgment, entered May 15, 1943, provides as follows:

"It is adjudged and decreed that the plaintiffs Dorothy Schwandt, an infant, by William Schwandt, her guardian *ad litem,* and William Schwandt do have and recover of and from the defendant, the Milwaukee Electric Railway & Transport Company, a judgment in total sum of fourteen hundred fifty-five and 00/100 dollars ($1,455) together with its costs and disbursements taxed by the clerk of this court in the sum of one hundred eighty-six and 50/100 dollars ($186.50), making in all a total of sixteen hundred forty-one and 50/100 dollars ($1,641.50)."

This is error. Judgment should be entered as directed by the trial court. The consolidation of actions for trial does not

permit the entry of a consolidated judgment. The order for judgment sets forth the amount of damages each plaintiff is to recover, and judgment should be entered accordingly.

In the application for review of the award to the plaintiff William Schwandt, it is contended that this should not be diminished by the forty per cent negligence assessed as attributable to the plaintiff Dorothy Schwandt, under the comparative-negligence statute, sec. 331.045. This question was fully considered and decided by this court in the case of *Callies v. Reliance Laundry Co.* (1925) 188 Wis. 376, 206 N. W. 198, and later affirmed in *Stuart v. Winnie* (1935), 217 Wis. 298, 258 N. W. 611, and it would serve no useful purpose to review the reasoning of the court in those cases. The damages awarded to the plaintiff William Schwandt in the order for judgment is proper.

*By the Court.*—Modified and affirmed, with costs to respondent. Causes remanded for further proceedings to correct the judgment in accordance with this opinion.