SCHWARTZ, Respondent, v. CITY OF MILWAUKEE,
Appellant.

*No. 25. Argued February 29, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 480.)

For the appellant there were briefs by *John J. Fleming,* city attorney, and *Herbert F. Sonnenberg,* assistant city attorney, and oral argument by *Mr. Sonnenberg.*

For the respondent there was a brief by *Michael, Best & Friedrich,* attorneys, and *Lee J. Geronime* of counsel, all of Milwaukee, and oral argument by *Mr. Geronime.*

HALLOWS, C. J. The issue presented to the lower court and on this appeal is whether a husband's claim

for damages for loss of consortium and for medical expenses is barred by the statutory limitation of $25,000 in secs. 81.15 and 895.43 (2), Stats., because his wife's claim for her damages has exhausted that amount. The trial court held the husband's claim was a separate and distinct cause of action and carried its own statutory limit of $25,000 and thus a husband could recover the stipulated $8,000 damages.

The issue of whether the statutory limit of $25,000 in secs. 81.15 and 895.43 (2), Stats., covers both the damages of the wife and of the husband was before this court in *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 168 N. W. 2d 107, but the court refused to rule on the issue.

The question resolves itself into an interpretation of the language of sec. 81.15, Stats.,[1] which provides, "If damages happen to any person . . . the person sustaining such damages shall have a right to recover the same . . . The amount recoverable by any person for any damages so sustained shall in no case exceed $25,000." This broad language applies to damages "happen[ing] to any person." The language in sec. 895.43 (2) is comparable in that it states, "The amount recoverable by any person for any damages . . . in any action . . . shall not exceed $25,000." Sec. 895.43 covers some of the same ground covered by sec. 81.15, and we pointed out in *Schwartz v. Milwaukee, supra,* sec. 81.15 might as well be repealed by the legislature since its purported language creating a cause of action has

---

[1] "81.15 Damages caused by highway defects; liability of town and county. If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village. . . . The amount recoverable by any person for any damages so sustained shall in no case exceed $25,000. . . ."

been supplanted by *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618. The section exists only to provide the procedure to prosecute a claim for negligence and as a limitation upon the amount of recovery for negligence relating to the sufficiency or want of repair of a highway.

The broad language of the section is historical. As early as *Hunt v. Town of Winfield* in 1874, 36 Wis. 154, the statute was construed to allow consequential damages to a husband for loss of services and his medical expense for his injured spouse. However, by ch. 305, Laws of 1899, the legislature amended the predecessor section to sec. 81.15, *i.e.*, sec. 1339, Stats. 1898, to add the language, "provided, however, that no action shall be maintained by husband on account of injuries received by the wife, or by a parent on account of injuries received by a minor child." The statute thus stood until 1963 when by ch. 435, Laws of 1963, this language was removed and once again the cause of action of a spouse and of a parent was recognized by sec. 81.15 with its limitation on the amount of recovery. During this period of time, no question was raised whether the limitation on the amount of recovery applied separately to each spouse's cause of action or whether one limitation applied to both.

The city contends a cause of action by a spouse for medical expenses and loss of consortium and a cause of action of a parent arising out of an injury to a child are derivative actions and in fact are a part of the original cause of action which was assigned to a spouse or a parent by operation of law and therefore are subject to all the defenses which may be asserted against the original cause of action. It is thus argued here the limitation of $25,000 in secs. 81.15 and 895.43 (2), Stats., applies to all the damages to the wife and the husband which arise out of the accident which caused

the primary injury to the wife. The city relies on *Callies v. Reliance Laundry Co.* (1925), 188 Wis. 376, 206 N. W. 198, and *Stuart v. Winnie* (1935), 217 Wis. 298, 258 N. W. 611, for its theory of derivative action and of the nature of the spouse's cause of action as a partial assignment of the primary cause of action.

In the *Callies Case* a parent of a minor sought to recover damages for medical expenses incurred for loss of services of the minor suffered because of an injury negligently inflicted upon the minor by the defendant. The minor was contributorily negligent and as this case was decided prior to the comparative-negligence law and while contributory negligence at common law was a complete bar to recovery, it was important to determine whether the parent's cause of action was of such a nature as to be barred by the negligence of the infant. In holding the parent's cause of action was so barred, the court reasoned a parent by law is required to support and care for his child and in return the law gave the parent the right to a part of the child's cause of action in case he was negligently injured by another. This reasoning was also analogized to a husband's obligation to support his wife and the law likewise giving him a part of the wife's cause of action in case she was negligently injured by another. The court based this splitting of the cause of action solely on the parental or marital relationship existing between the parties and said but for such relationship and obligation, the entire damage would belong to the child or to the wife. The court reasoned that since the parent takes by operation of law a part of the child's cause of action, he must take it as the child leaves it and that is subject to any defenses which might be urged against the child "in whom the whole cause of action, but for the law, would vest." This result was also justified on the ground it was the legislative policy of the state and cited the result of the operation

of the wrongful-death statute, sec. 331.03, Stats. 1925. This section provides for a survival of a cause of action in the case of the death of a person caused by the wrongful act of another, but it expressly provides that a survival action can be maintained only when the party injured, if he had lived, would have been entitled to recover.

A few years later, *Stuart v. Winnie, supra,* was decided. This case arose after the comparative-negligence statute was adopted and involved a husband suing for loss of services and medical expenses occasioned by injury to his wife inflicted by the negligent act of another. Although sec. 331.045, Stats., now sec. 895.045,[2] provides any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering, the court held the negligence of the wife was applicable to reduce the damages of the husband. Although the husband was not negligent, nevertheless, on the theory his cause of action was originally part of his wife's cause of action and he obtained it by operation of law, his cause of action was subject to the same defense applicable to the wife's cause of action. This doctrine of assignment by law was followed in *Haase v. Employers Mut. Liability Ins. Co.* (1947), 250 Wis. 422, 27 N. W. 2d 468 (a wrongful-death case), which cited and followed the reasoning of the *Callies Case.* Also in *Schwandt v. Milwaukee E. R. & T. Co.* (1943), 244 Wis. 251, 12 N. W. 2d 18, the comparative-negligence law, on the basis of the *Callies*

---

[2] "895.045 **Contributory negligence; when bars recovery.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

*Case,* was applied to a father's cause of action and his recovery was reduced 40 percent because of the negligence of his daughter. *See also:* 41 Am. Jur. 2d, *Husband and Wife,* p. 380, sec. 452.

However, none of these cases recognized or cited *Selleck v. Janesville* (1899), 104 Wis. 570, 80 N. W. 944, which was an action brought by a husband to recover damages arising out of personal injury suffered by his wife. In a previous suit (*Selleck v. Janesville* (1898), 100 Wis. 157, 75 N. W. 975), the wife had recovered her damages for her injuries and this judgment was pleaded as res judicata. This court held the wife's judgment was not res judicata of the cause of action for damages suffered by the husband and his "cause of action is not one which once belonged to her and has been transferred or transmitted to him."

Thus we find a conflict in the rationale of our prior decisions. It is quite clear that at common law a husband had a right to recover for medical expenses and loss of consortium occasioned by tortious injury to his wife. *Kavanaugh v. Janesville* (1869), 24 Wis. 618; *Hunt v. Town of Winfield, supra; Seitz v. Seitz* (1967), 35 Wis. 2d 282, 151 N. W. 2d 86; *Jewell v. Schmidt* (1957), 1 Wis. 2d 241, 83 N. W. 2d 487; 41 Am. Jur. 2d, *Husband and Wife,* p. 373, sec. 447. The wife's right to sue for her damages for loss of consortium caused by injuries to her husband, however, was not recognized at common law but was granted to her by sec. 6.015, Stats. 1921 (now sec. 246.15, Married Women's Act). *Moran v. Quality Aluminum Casting Co.* (1967), 34 Wis. 2d 542, 150 N. W. 2d 137. Consortium involves a broad range of elements such as love, companionship, affection, society, sexual relations, and the right of support or the performance of marital services, any one of which is sufficient to constitute a cause of action. *Ballard v. Lumbermens Mut. Casualty Co.* (1967), 33

Wis. 2d 601, 613, 148 N. W. 2d 65; *Hanson v. Valdivia* (1971), 51 Wis. 2d 466, 187 N. W. 2d 151. Such damages or at least some elements thereof have been grouped under the terms "loss of society" or "loss of services." *Selleck v. Janesville*, 104 Wis. at 576.

In recognizing the individual right of the wife to be compensated for the loss of consortium, we pointed out in *Moran* it was her separate cause of action and not her husband's, which was on the other side of the coin. While the possibility a jury might grant double recovery was recognized in *Moran*, the concept of consortium was the foundation of separate rights in both husband and wife. Each can recover for his loss without there being a double recovery. This view emerged in *Fitzgerald v. Meissner & Hicks, Inc.* (1968), 38 Wis. 2d 571, 157 N. W. 2d 595, wherein we held a wife's claim of the damages for loss of consortium occasioned by her husband's injuries could be asserted in a separate action. We pointed out the wife's action was derivative only in the sense it arose out of or was occasioned by an injury to her husband. This is not the usual meaning of the word "derivative" and it might be more accurate to say a wife's damage was dependent upon the husband's injury and her cause of action must include the common factor of the accident and injury to her husband.

Since the cause of action for consortium occasioned by an injury to the other spouse is a separate cause of action which never belonged to the other spouse, it is not subject to the defenses which are available against the other spouse's cause of action. A cause of action for loss of consortium is, of course, subject to the defense of contributory negligence of the owner of the cause of action. This view of the nature of the cause of action for loss of consortium, as distinguished from damages for medical expenses as explained in the *Fitzgerald Case*, is contrary

to some decisions in other states. *See Maxson v. Tomek* (1935), 244 App. Div. 604, 280 N. Y. Supp. 319; *Friedman v. Beck* (1937), 250 App. Div. 87, 293 N. Y. Supp. 649. We see no difference between a cause of action by a spouse for an injury personal to him caused by the negligence of the other spouse and a third person in which the negligence of the other spouse is not imputed or assigned to the injured spouse and a cause of action for loss of consortium suffered by a spouse arising out of an injury to the other spouse. In both cases, the causes of action are separate and involve injury to the one seeking to recover and only his negligence, if any, should be a defense. Logic requires the two nonderivative actions to be treated the same. On this view, to the extent the plaintiff's settlement of $8,000 represents a loss of consortium, that element of the cause of action represents damage to any person under secs. 81.15 and 895.43 (2), Stats., and a separate limitation of $25,000 applies to it.

A more difficult question arises as to the element of medical expenses and the value of the loss of services. The doctrine that contributory negligence of a spouse or child bars recovery of collateral damages suffered by the other spouse or child has been often criticized. *See Ross v. Cuthbert* (1964), 239 Or. 429, 397 Pac. 2d 529, dissenting opinion; 1 Harper & James, *Law of Torts,* p. 640, sec. 8.9. Equally critical are authorities of the theory that a spouse's or a parent's cause of action for collateral damages is derivative in nature and thereby subject to defenses which are available in the action arising in favor of the injured spouse or child. Prosser, *Law of Torts* (4th ed., 1971), p. 893, sec. 125; Note and Comment, 24 Mich. L. Rev. (1926), 592; Note, 11 Wayne L. Rev. (1965), 824; Gregory, *Imputed Contributory Negligence,* 2 U. of Chicago L. Rev. (1935), 173; 1 Harper & James, *Law of Torts* (1956), secs. 8.8 and 8.9; *see*

*also:* Annot. (1968), 21 A. L. R. 3d 469, 474. While it may be true these elements of the cause of action under *Callies* and *Stuart* are subject to the effects of the contributory negligence action, it does not necessarily follow that the derivative theory should be extended or that the language of secs. 81.15 and 895.43 (2), Stats., applies only one limitation.

No doubt these sections could have been written so the limitation would apply to a cause of action and encompass within one limitation the split-off causes for consequential damages. The present broad language of these sections does not seem to reach that result. The language is "If damages happen to any person . . . the amount recoverable by any person for any damages . . . shall in no case exceed $25,000," and "amount recoverable by any person for any damages . . . in any action founded on tort." These statutes refer to the amount each person is limited in his recovery, not to how many injuries, accidents or causes of action. We must give these words their ordinary meaning, as has been given to them in the past, and apply the $25,000 limitation to each person asserting a cause of action for damages regardless of whether the cause of action is separate and independent or separate but derivative as a split off of another cause of action. In our analysis, we come to the same conclusion as the trial court did—that the husband has a right to recover the stipulated $8,000.

*By the Court.*—Judgment affirmed.