WISCONSIN BRICK and BLOCK CORPORATION, Plaintiff and Appellant, v. VOGEL and others, Defendants and Respondents and Third-Party Plaintiffs: PIPER and another, Third-Party Defendants.

*No. 271. Argued March 1, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 664.)

[1] (1971), 403 U. S. 528, 91 Sup. Ct. 1976, 29 L. Ed. 2d 647.

For the appellant there was a brief and oral argument by *Frederick F. Hillyer* of Madison.

For the defendants-respondents Vogel there was a brief by *McBurney, Musolf & Whipple, S. C.,* and *Carlyle H. Whipple,* all of Madison, and oral argument by *Carlyle H. Whipple.*

For the third-party defendant-respondent Four Lakes Fuel Corporation there was a brief by *Boardman, Suhr, Curry & Field,* and oral argument by *Michael W. Wilcox,* all of Madison.

HALLOWS, C. J. Although the parties agreed to consolidate the foreclosure actions with the ch. 128, Stats., proceeding and the order thereon stated the consolidation was for the purpose of determining all the rights of the parties, it is questionable whether the consolidation was one which could be effected under sec. 269.05.[1] A volun-

---

[1] "269.05 **Consolidation of actions.** When two or more actions are pending in the same court, which might have been joined, the court or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one by order."

tary assignment for the benefit of creditors is not an action but a special proceeding. *Lamont v. Hibbard, Spencer, Bartlett & Co.* (1894), 88 Wis. 109, 59 N. W. 456, and strictly does not come within the language of the consolidation section. Under sec. 269.05 upon consolidation there remains but one action and one set of pleadings. *Eastern Wisconsin Railway & Light Co. v. Hackett* (1908), 135 Wis. 464, 115 N. W. 376, 115 N. W. 1136, 115 N. W. 1139; *Seventeen Seventy-Six Peachtree Corp. v. Miller* (1969), 41 Wis. 2d 410, 164 N. W. 2d 278. In a consolidation, however, for the purpose of trial under sec. 269.59, the actions keep their separate existence and require separate judgments. *Schwandt v. Milwaukee E. R. & T. Co.* (1943), 244 Wis. 251, 12 N. W. 2d 18; *Braun v. Wisconsin Electric Power Co.* (1959), 6 Wis. 2d 262, 94 N. W. 2d 593; *August Schmidt Co. v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 26 Wis. 2d 517, 133 N. W. 2d 352; *De Sombre v. Bickel* (1963), 18 Wis. 2d 390, 118 N. W. 2d 868. In a consolidation for trial, the parties to one suit are not thereby made parties to the other suits. Here, the separate captions were kept of the three suits and after the sale the foreclosure actions were dismissed. This procedure is hardly compatible with a consolidation of causes of action.

The distinction in the type of consolidation is important because Wisconsin Brick, while admitting it was a party and appeared in the foreclosure action, argues it did not appear in the assignment proceeding or agree to the sale of the property or the displacement of its lien. If there was not a consolidation of causes of action, Wisconsin Brick appeared only in the foreclosure actions in which it was a party and not in the proceeding under ch. 128, Stats. An appearance and participation in the ch. 128 proceeding is governed by different rules than in an action where one is named and served.

Wisconsin Brick as a secured creditor could not be compelled to participate in the voluntary assignment pro-

ceeding. Under sec. 128.15 (2), Stats., a secured creditor may become a party by a general appearance or by filing a claim for a deficiency on his secured claim and thus be allowed to participate. In *Premke v. Pan American Motel, Inc.* (1967), 35 Wis. 2d 258, 151 N. W. 2d 122, the lienholder made a general appearance, and in *Littlejohn v. Turner* (1888), 73 Wis. 113, 40 N. W. 621, the lienholder filed his claim in the assignment proceeding. A secured creditor under ch. 128 cannot have his security taken away from him without his consent. Here, the method of sale by the assignee recognized no redemption rights. A secured creditor may file a claim and if his claim is allowed under sec. 128.15, he is enabled to participate in the proceedings, but the amount of his claim is restricted to the deficiency over the value of the security. But even if Wisconsin Brick had filed a claim, the court could do no more than value the security for the purpose of allowing the unsecured part of the claim.[2]

As a general rule the court has the power under ch. 128, Stats., to sell the assignor's property free of valid liens and encumbrances if the lienholder participates in the proceeding. *See Littlejohn v. Turner, supra, and Premke v. Pan American Motel, Inc., supra.*

But here, Wisconsin Brick did no act which was not attributable to its position as a junior mortgagee in the foreclosure actions and specifically it did not sign the stipulation with the other mortgagees agreeing to a sale free and clear of its lien and waiving its right of redemption. True, Wisconsin Brick appeared in court and in a purported consolidation of cases which it agreed to and

---

[2] "128.15 Objections to claims; appeal; secured claims. . .

(2) Claims of secured creditors may be allowed to enable such creditors to participate in the proceedings but shall be allowed for such sums only as shall be proved to be due, over and above the value of the securities, and dividends shall be paid only upon the excess of the claim over the value of the security at the time of the commencement of the proceedings."

watched the sale ostensibly free of its lien take place. While this gives no jurisdiction to the court to cut off his mortgage lien contrary to the terms of his mortgage, it is important from the standpoint of laches.

An action to foreclose a mortgage is equitable in nature, *Frick v. Howard* (1964), 23 Wis. 2d 86, 126 N. W. 2d 619, and the defense of laches may be raised against the mortgagee, *Bur v. Bong* (1915), 159 Wis. 498, 150 N. W. 431; *Saric v. Brlos* (1945), 247 Wis. 400, 19 N. W. 2d 903. [3] The elements of laches are a cause of action against the defendant, an unreasonable delay and prejudice to the defendant resulting from the delay. *McDonald v. McDonald* (1972), 53 Wis. 2d 371, 192 N. W. 2d 903; 27 Am. Jur. 2d, *Equity,* p. 701, sec. 162. We think *Bur v. Bong, supra,* is especially applicable. There, the mortgagee waited less than the statutory period of limitations to commence a foreclosure suit against the mortgagor and a subsequent purchaser of part of the property who had no actual notice of the lien. The court found laches as against a subsequent purchaser but not against the mortgagor as to that part of the mortgaged property still in his possession.

Wisconsin Brick claims laches may not be asserted because the mortgage was of public record at all times and therefore the defendants Vogels are at fault in delaying the bringing of a quiet title action. The sale by the assignee was by warranty deed to the Doyon Lumber Company. This was a rather precarious thing to do rather than give a receiver's deed, as he gave his personal

---

[3] *See also:* 59 C. J. S., *Mortgages,* pp. 832, 833, sec. 510, "Laches," where it is said: "Independently of the statute of limitations, a court of equity may refuse to decree the foreclosure of a mortgage, where complainant has been guilty of very great or unreasonable delay in instituting his proceedings, such as to raise the presumption that he has either been paid or has abandoned his claim, or where there are circumstances in connection with the delay which would make foreclosure inequitable."

warranty. The subsequent deeds were also by warranty deed which shows these grantors relied upon the appearance of Wisconsin Brick in the so-called consolidated actions. The defendants Vogels are in good faith without actual knowledge and are not required to bring a quiet title action; their inaction does not bar the invocation of the doctrine of laches. The delay of Wisconsin Brick in this case amounts to an acquiescence by silence that its mortgage was properly extinguished by the sale free from liens in the ch. 128, Stats., proceeding. It had actual knowledge of the sale and knowledge the other parties were relying upon the sale and it made no protest under circumstances when a protest ought to have been made by a reasonable man. No demand was made during the intervening years for interest. No claim was asserted until the action was started. Eight years' interest now amounts to close to $1,700 in addition to the original debt of approximately $4,600, and to so burden the land as against a person who did not personally owe the debt and who did not buy the land subject to the mortgage is inequitable.

A similar result of barring recovery can be justified on the theory of estoppel. While a purchaser at a judicial sale is charged with constructive notice of remaining claims disclosed by the pleadings in the proceedings, the doctrine of constructive notice from public records is qualified or nullified by the doctrine of estoppel based on an actual nondisclosure of an interest in real estate, where the owner of the interest for a long time after the transaction acts as though he had abandoned all claim to the property in question. 28 Am. Jur. 2d, *Estoppel and Waiver,* pp. 750, 751, secs. 96 and 97; p. 771, *et seq.,* sec. 113; Annot. (1927), *Estoppel of one not a party to a transaction involving real property by failure to disclose his interest in the property,* 50 A. L. R. 668, 787, sec. 34c.

We conclude that although the court did not have the power in the ch. 128, Stats., proceeding to sell the property free of the mortgage of Wisconsin Brick, Wisconsin Brick's action in the consolidated cases was misleading and taken with the subsequent injury to the defendants presents a proper basis for the invocation of the doctrine of laches. The foreclosure action was properly dismissed upon the motion for summary judgment.

*By the Court.*—Judgment affirmed.