WHITE (Rosemary), Plaintiff: WHITE (Lloyd), Plaintiff and Appellant, v. LUNDER, Defendant and Respondent.

*No. 465. Argued January 7, 1975.—Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 442.)

For the appellant there were briefs by *Johnson, Bieber & Kirkhuff* of Madison, and oral argument by *M. W. Bieber*.

For the defendant-respondent there was a brief by *Aberg, Bell, Blake & Metzner, S. C.*, of Madison, and oral argument by *Carroll Metzner*.

BEILFUSS, J. The issues are:

1. Where wife sustains bodily injury by reason of causal negligence of herself, her husband, and a third party, is the negligence of the spouses combined for purposes of comparing negligence with that of the third party and thereby determining whether husband recovers for medical expenses and for loss of consortium?

2. Where wife sustains bodily injury, are her husband's causes of action for medical expenses and for loss of consortium both derivative actions?

The issues are discussed together here because they are closely related and involve basically the same principles. Before discussing those issues, however, it will be helpful to consider some of the cases contributing to the somewhat confused evolution of the law regarding causes of action for loss of consortium and medical expenses resulting from negligent injury to a spouse.

In *Selleck v. Janesville* (1899), 104 Wis. 570, 80 N. W. 944, a husband brought a suit against the City of Janesville for loss of consortium resulting to him due to an injury sustained by his wife when she tripped on a loose sidewalk plank. The husband alleged that the liability of the city, which had previously been determined in a separate action by his wife for her own injuries, was res judicata. This court dismissed that contention by noting that, contrary to the rule elsewhere, the husband was not a necessary party to his wife's action. The court elaborated at pages 572, 573:

". . . where, as in Wisconsin, he is not a party to such action and not interested in the recovery, the reasons for conclusiveness all disappear. A judgment is conclusive only between parties and privies. The husband was, of course, not a party. His wife sued alone. Nor is there any privity between him and his wife as to his now asserted demand. The cause of action is not one which once belonged to her and has been transferred or transmitted to him."

In *Callies v. Reliance Laundry Co.* (1925), 188 Wis. 376, 206 N. W. 198, a pre-comparative negligence case, the mother of a thirteen-year-old boy brought suit against a third party for medical expenses and loss of services resulting to her because of the injury to her son. The jury found the boy to have been contributorily negligent. This court held that the negligence of the son precluded his mother's recovery and, noting the "somewhat analogous relation of husband and wife," stated at pages 380, 381:

". . . The parent is by law required to support and care for his child. In return for the performance of such obligation the law gives to the parent the right to a part of the child's cause of action in case he is negligently injured by another. So, also, since the husband is required to support his wife, the law likewise gives him a part of the wife's cause of action in case she is negligently injured by another. This splitting up of the cause of action, resulting in some of the damages being given the child and some to the parent, or some to the wife and some to the husband, is due solely to the parental and marital relations existing between the parties . . . But for such relations and obligations the entire damages would belong to the child or wife. . . If the minor is guilty of contributory negligence neither minor nor parent can recover, for their rights spring out of the same transaction—the same cause of action. The parent takes by operation of law a part of the child's cause of action and he must take it as the child leaves it. For the reasons stated growing out of the relation, the law assigns to the parent a part of the cause of action, and he takes it subject to any defenses that could be urged against the child, in whom the whole cause of action, but for the law, would vest.

"It is therefore not a case of imputed negligence, but a case where by operation of law a part of a cause of action is assigned from the child to the parent, and the part of the cause of action so assigned can have no better standing in court than the part not so assigned. It is a familiar principle of law that an assignee of a cause of action stands in the shoes of the assignor."

The *Callies Case* was specifically reaffirmed with respect to a husband's cause of action for "loss of his wife's services, and to his expenditures for her medical treatment, etc.," in *Stuart v. Winnie* (1935), 217 Wis. 298, 305, 306, 258 N. W. 611, decided after the adoption of the comparative negligence law, where the court attributed the amount of the wife's causal negligence to the husband and stated:

". . . Because of that marital relation and those resulting obligations and rights, that part of her cause of

action which is for recovery on account of those items is deemed, by operation of law, to be assigned to the husband, but in thus deriving that part of her cause of action from her, it continues in him subject to all such defenses as existed against her in whom the cause of action would otherwise have vested in its entirety. The part so assigned can have no better standing in court than the part not assigned. Neither the whole nor a part of the cause of action can be purged by merely a legal transfer or assignment from contributory negligence whenever that exists. That result is not based on the theory of imputed negligence, but is in accord with the familiar principle of law that the assignee of a cause of action stands in the shoes of the assignor."

In *Fitzgerald v. Meissner & Hicks, Inc.* (1968), 38 Wis. 2d 571, 157 N. W. 2d 595, this court held that its decision in *Moran v. Quality Aluminum Casting Co.* (1967), 34 Wis. 2d 542, 150 N. W. 2d 137, allowing a wife to bring an action for loss of consortium, should be applied retroactively and also held that such action could be brought even absent a suit by the husband for his own injuries. The court stated at page 581:

"The wife's claim to a loss of consortium is derivative in the sense that it does not arise, in this type of action, unless the husband has sustained a personal injury. However, her claim is not for his personal injuries but for the separate and independent loss she sustained. Consistent with her statutory right to assert her claim as set forth in *Moran*, she should be able to pursue it individually if necessary."

*Schwartz v. Milwaukee* (1972), 54 Wis. 2d 286, 195 N. W. 2d 480, represents a departure from this line of cases. Mrs. Schwartz was injured when the car she was driving struck a partially raised bridge span in Milwaukee. Mrs. Schwartz brought suit for her personal injuries and loss of wages and Mr. Schwartz sued for loss of consortium and medical expenses. The precise issue involved was "whether a husband's claim for damages for loss of consortium and for medical expenses is barred by the

statutory limitation of $25,000 in secs. 81.15 and 895.43 (2), Stats., because his wife's claim for her damages has exhausted that amount." *Schwartz, supra,* pages 287, 288. Sec. 81.15 provides in part:

**"Damages caused by highway defects; liability of town and county.** If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village. . . . The amount recoverable by any person for any damages so sustained shall in no case exceed $25,000. . . ."

The defendant City of Milwaukee, relying on the *Callies* and *Stuart Cases,* contended that the husband's cause of action for loss of consortium and medical expenses was derivative, part of the wife's original cause of action which was assigned, and thus subject to all the defenses assertible against the original cause of action. Based on these premises, the city urged that the $25,000 limitation served as a bar to the husband's recovery.

Mr. Chief Justice HALLOWS, writing for the court, discussed *Callies* and *Stuart,* but noted that those decisions were written in apparent disregard of *Selleck v. Janesville, supra,* which had held that the husband's " 'cause of action [for loss of consortium] is not one which once belonged to her and has been transferred or transmitted to him.' " *Schwartz, supra,* page 292.

A conflict in the decisions thus being evident, the court moved on to a consideration of *Moran* and *Fitzgerald, supra,* where it was recognized that "the concept of consortium was the foundation of separate rights in both husband and wife." *Schwartz, supra,* page 293. The court noted that although it had referred to the cause of action for consortium in *Fitzgerald* as "derivative,":

". . . This is not the usual meaning of the word 'derivative' and it might be more accurate to say a wife's

damage was dependent upon the husband's injury and her cause of action must include the common factor of the accident and injury to her husband.

"Since the cause of action for consortium occasioned by an injury to the other spouse is a separate cause of action which never belonged to the other spouse, it is not subject to the defenses which are available against the other spouse's cause of action. A cause of action for loss of consortium is, of course, subject to the defense of contributory negligence of the owner of the cause of action. . . ." *Schwartz, supra,* page 293.

Thus with respect to the cause of action for loss of consortium, the court stated:

". . . We see no difference between a cause of action by a spouse for an injury personal to him caused by the negligence of the other spouse and a third person in which the negligence of the other spouse is not imputed or assigned to the injured spouse and a cause of action for loss of consortium suffered by a spouse arising out of an injury to the other spouse. In both cases, the causes of action are separate and involved injury to the one seeking to recover and only his negligence, if any, should be a defense. Logic requires the two nonderivative actions to be treated the same. . . ." *Schwartz, supra,* page 294.

However, with respect to the cause of action for medical expenses, the court stated:

"A more difficult question arises as to the element of medical expenses and the value of the loss of services. The doctrine that contributory negligence of a spouse or child bars recovery of collateral damages suffered by the other spouse or child has been often criticized. . . . Equally critical are authorities of the theory that a spouse's or a parent's cause of action for collateral damages is derivative in nature and thereby subject to defenses which are available in the action arising in favor of the injured spouse or child. . . . While it may be true these elements of the cause of action under *Callies* and *Stuart* are subject to the effects of the contributory negligence action, it does not necessarily follow that the derivative theory should be extended or that the language

of secs. 81.15 and 895.43 (2), Stats., applies only one limitation." *Schwartz, supra,* pages 294, 295.

Thus the court, with respect to medical expenses, retained the theory that the spouse takes the cause of action subject to all the defenses assertible against the original cause of action of the injured spouse.

In *Utecht v. Steinagel* (1972), 54 Wis. 2d 507, 515, 196 N. W. 2d 674, this court reaffirmed the *Schwartz* definition of "derivative" when it stated:

"Although the husband's cause of action for medical expenses and his loss of consortium can and should be stated separately, in this case it is derivative. Success in his suit for damages depends on whether Lorna Utecht sustained a compensable injury in the automobile accident of August 2, 1968."

Finally, in *Estate of Kohls* (1973), 57 Wis. 2d 141, 147, 203 N. W. 2d 666, a malpractice suit by a widower to collect medical expenses paid by him on behalf of his deceased wife, the court reaffirmed, sub silentio, its holding in *Schwartz* with respect to medical expenses by stating:

". . . this right of recovery against the wrongdoer is dependent upon the validity of the wife's claim. It is, as this court recently phrased it, both 'derivative and dependent upon his wife's injury.' Deriving from her injury, it is 'subject to all such defenses as existed against her.' "

It must be noted that none of the above cases involved a situation where, as here, both the injured spouse and the spouse suing for loss of consortium and medical expenses were contributorily negligent. The trial court was of the opinion that the *Schwartz* decision, to the extent it discussed the nature of causes of action for loss of consortium and medical expenses, was dicta—not necessary for an interpretation of the statute there involved and, hence, not controlling in the instant case. The trial court stated:

"In our judgment, after careful reflection, we have come to the conclusion that the *Schwartz* case and its dicta do not control the instant situation. We say this because it would obviously be unfair and inequitable to permit Mr. White to profit from this unfortunate mishap to his wife, keeping in mind that the jury found that Mr. White told Lunder to start the motor of the boat when he full well knew that his wife was climbing up over that part of the motor and its housing which extends beyond the stern of the boat.

". . .

"Under the foregoing circumstances, we feel that the negligence of all three persons contributed in the proportions found by the jury to cause the unfortunate accident. Here the negligence of the two plaintiffs aggregates 63 percent, which, in our judgment, bars Mr. White from recovery. . . ."

The respondent, James Lunder, agrees with the trial court's analysis of *Schwartz* as being essentially dicta, but relies on that decision to the extent it holds that a "cause of action for loss of consortium is, of course, subject to the defense of contributory negligence of the owner of the cause of action." *Schwartz, supra,* page 293. Thus Lunder justifies the trial court's action by relying on *Callies* and *Stuart* to the extent they hold the cause of action to be derivative and subject to the defenses of the original cause of action, and by relying on *Schwartz* to the extent it holds that the husband's cause of action is subject to his own contributory negligence. Taken together, Lunder asserts, the two cases require that the husband's cause of action is subject to his own contributory negligence and that of his wife—the outcome arrived at by the trial court.

To bolster this outcome, the respondent cites *Western Casualty & Surety Co. v. Dairyland Mut. Ins. Co.* (1956), 273 Wis. 349, 77 N. W. 2d 599. In that case a husband was killed while he was in a disabled vehicle on a highway, which had been driven by his wife who had gone for help. The couple's son arrived with another vehicle and

parked it next to the car, thereby blocking the entire roadway. An oncoming vehicle collided with the vehicle in which the husband had been sitting and he died in the collision. The plaintiff, the insurer of the other driver, settled with the wife on her wrongful death action and then sued the son for contribution. This court held that there was no right of contribution because the son was not liable to the mother. In arriving at this conclusion, the court held that for purposes of the comparison, the negligence of the husband and the wife must be aggregated, apparently because the cause of action for wrongful death being derivative is subject to the defenses against the deceased, as well as those against the surviving spouse.

Since the analogy between the causes of action for wrongful death and consortium has been made before, see *Callies, supra,* page 381, and *Haase v. Employers Mut. Liability Ins. Co.* (1947), 250 Wis. 422, 27 N. W. 2d 468, the respondent contends it should apply in this instance as well, thereby providing authority for the aggregation of the husband's and wife's negligence.

The appellant, on the other hand, contends that it is improper to aggregate the negligence of two or more parties under any circumstances, citing *Walker v. Kroger Grocery & Baking Co.* (1934), 214 Wis. 519, 252 N. W. 721; and *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. 2d 601, 111 N. W. 2d 495.

The appellant suggests that, with respect to medical expenses, the court should consider only the negligence of the injured wife and the defendant because such cause of action, under *Schwartz* as well as *Callies, Stuart* and *Estate of Kohls* is derivative and dependent and subject to the defenses against the wife.

The appellant explains why the husband's negligence should not be aggregated with that of the defendant for purposes of the comparison, but he fails to suggest why it should not be aggregated with that of the wife. He relies

on *Kroger* to forbid that, but *Kroger* also states that once the negligence of the plaintiff is determined, for purposes of determining his proportion of comparative negligence, "the causal negligence of all of the other participants in the transaction must be deemed to constitute the other term of the proportion." *Kroger, supra,* page 535. Thus if *Kroger* forbids the aggregation of two parties' negligence, it also forbids the "factoring out" of one party's negligence as suggested by appellant.

With respect to the cause of action for loss of consortium, appellant contends that if the cause of action is found to be derivative and dependent, etc., then the same formula he recommends above should be applied. If the cause of action is found to be separate and independent, as stated in *Schwartz,* then appellant contends that, in accord with that decision, "only his [the husband's] negligence, if any, should be a defense." *Schwartz, supra,* page 294. Again, however, it must be noted that *Kroger,* by its terms, would forbid such an approach.

It is apparent from the cases referred to above that the question of whether a spouse's cause of action for loss of consortium arising in personal injury actions is derivative is not clearly settled and the cases are confusing.

We deem it appropriate to declare, for the purpose of applying our comparative negligence statute,[1] that both the causes of action for medical expenses and loss of consortium shall be deemed derivative; and that the causal negligence of the injured spouse shall bar or limit the recovery of the claiming spouse pursuant to the terms of the comparative negligence statute.

To declare both of these causes of action derivative might not be entirely logical but in our opinion does little violence to the prior expressions of this court and serves to simplify the rule in applying the comparative negligence statute.

---

[1] Sec. 895.045, Stats.

To allow no recovery to the husband where, as here, the third party tort-feasor was more causally negligent than he, not only seems to be unjust but is not entirely consistent with our comparative negligence statute.[2] It prohibits partial recovery only when the negligence of the claimant was equal to or greater than the person against whom the claim was made. (Sec. 895.045, Stats.,[3] was amended in 1971 to prohibit recovery only when causal negligence of the claimant is greater than the person against whom he seeks recovery.)

Likewise, it seems unjust for the husband to collect damages upon a formula that disregards either his causal negligence or that of his injured wife.

The comparative negligence statute does not by its terms specifically contemplate its effect in a situation like this where both spouses are causally negligent.

A workable construction, consistent with the statute, that will allow recovery in derivative actions where the causal negligence of the person against whom recovery is sought is greater than either the husband or wife can be accomplished by reducing the entire award for both medical expenses and loss of consortium by the percentage of negligence attributed to the injured spouse (here Rose-

[2] Sec. 895.045, Stats. 1969. "**Contributory negligence; when bars recovery.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

[3] Sec. 895.045, Stats. 1971. "**Contributory negligence.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

mary White's 30 percent) ; and further reducing the entire award by the percentage of causal negligence attributable to the claiming spouse (here Lloyd White's 33 percent). By this method the person who was found to have been causally negligent in greatest degree cannot escape all liability but his liability is decreased by an amount proportionate to the two other tort-feasors.

By way of illustration, if the amount awarded for medical expenses and claimed by the husband was $5,000, the $5,000 would be reduced by 30 percent because it was a derivative claim and the injured spouse was 30 percent negligent. This reduction would be $1,500. The claimant husband's causal negligence also contributed 33 percent of the entire award. Therefore the entire award, namely, the $5,000 should be again reduced by 33 percent or $1,650. The total of these two deductions is $3,150; it is also 63 percent of the total causal negligence of the amount attributed to both spouses. The husband's recovery in this hypothetical would be $1,850. Loss of consortium should be calculated upon the same basis.

If the causal negligence of the claiming spouse is greater than the person against whom the claim is made, he should be denied recovery because of the comparative negligence statute. Likewise, if the causal negligence of the injured spouse is greater than that of the person against whom recovery is sought, the claiming spouse should be denied recovery because his action is derivative.

*By the Court.*—Judgment reversed with directions to enter judgment consistent with this opinion on behalf of the plaintiff-appellant Lloyd White.