634

Sarah BUCKETT, a minor by her Guardian ad Litem, William M. Cannon, and Dennis Buckett, Plaintiffs-Respondents,

v.

REPUBLIC INSURANCE CO., a foreign corporation, Defendant-Appellant,

David J. ZEIDLER, American Family Mutual Insurance Co., a Wisconsin corporation, Patricia Buckett, and Liberty Mutual Insurance Co., a foreign corporation, Defendants.†

Court of Appeals

*No. 80–1298. Submitted on briefs January 21, 1981.— Decided March 3, 1981.*
(Also reported in 305 N.W.2d 156.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Rausch, Hamell, Ehrle & Sturm, S.C.*, and *John A. Hamell, Jr.*, of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the brief of *Habush, Habush & Davis, S.C.*, and *Patrick O. Dunphy*, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Scott, J.

SCOTT, J. Republic Insurance Company appeals from a judgment which directed it to pay Dennis Buckett $6,020.22 for medical expenses billed to him and incurred in caring for his three-year-old daughter Sarah. Republic argues that because Sarah's mother, Patricia Buckett, was found by the jury to be 100% causally negligent regarding Sarah's injuries and because Dennis and Patricia were husband and wife, Dennis' right to recover should be barred under the doctrine of contributory negligence or his recovery should be reduced by the percentage of Patricia's negligence. In essence, Republic argues that Patricia's negligence should be imputed to Dennis. We disagree and affirm.

Republic relies on *White v. Lunder,* 66 Wis.2d 563, 225 N.W.2d 442 (1975), and *Victorson v. Milwaukee & Suburban Transport Corp.*, 70 Wis.2d 336, 234 N.W.2d 332 (1975). Neither case supports Republic's argument.

In *White,* a husband sued a third party to recover for his wife's medical expenses and for his loss of consortium. The jury apportioned causal negligence 33% to husband, 30% to the wife and 37% to the third party. The trial court dismissed the husband's action because the combined negligence of the husband and wife exceeded the negligence of the third party. The supreme court reversed. The court declared that both of the husband's causes of action were derivative and construed the comparative negligence statute to allow the husband to recover on both causes of action since the third party's

negligence was greater than that of either the husband or the wife. But the court further held that the husband's recovery should be reduced by 63%, the amount of the husband's and wife's combined negligence.

In *Victorson,* the supreme court followed the holding of *White* and reduced a wife's recovery on her derivative claims for loss of consortium and personal services rendered for her husband by the amount of the husband's negligence.

In the present case, Dennis Buckett's claim for medical expenses is derivative through his *daughter,* not through his *wife.* His wife's negligence, therefore, does not operate to bar or reduce his recovery for this claim. If his daughter had been found causally negligent, her negligence would have operated to bar or reduce Dennis' recovery for his derivative cause of action. But the daughter could not have been found to be negligent because she was under seven years of age. Sec. 891.44, Stats.

We believe the law of this state corresponds to Restatement (Second) of Torts §494A (1965): "The negligence of one parent does not bar recovery by the other parent for loss of the services of their child, or for medical expenses incurred in caring for him."

Republic also argues that to allow the husband to recover in a case such as the present one would violate Wisconsin family law statutes which provide that both parents have a duty to furnish medical care to their minor children and would violate the equal protection clause of the fourteenth amendment to the United States Constitution. This argument is without merit.

*By the Court.*—Judgment affirmed.