GILBERT, Respondent, vs. LUDTKE and wife, Appellants.

*May 9—June 4, 1957.*

For the appellants there was a brief and oral argument by *Lyman K. Arnold,* attorney, and *Robert W. Arnold* of counsel, both of Elkhorn.

For the respondent there was a brief by *John D. Voss,* attorney, and *Kenney, Korf & Pfeil* of counsel, all of Elkhorn, and oral argument by *Mr. Voss* and *Mr. Francis J. Korf.*

BROADFOOT, J. The applicable statute is sec. 240.10, which provides that every contract to pay a commission to a real-estate broker shall be void unless such contract or some note or memorandum thereof be in writing and be subscribed by the person agreeing to pay such commission, and that it shall include the description, the price for which the same may be sold, and the period during which the broker shall procure a buyer. This statute was originally enacted by the legislature in 1917 and except for amendments not here material it has remained substantially in the same form since that date. This statute has been construed by this court in many cases.

In *Hale v. Kreisel,* 194 Wis. 271, 215 N. W. 227, it was held that the statute is an extension or enlargement of the statute of frauds and is as valid an exercise of the police power as are any of the other provisions of the statute of frauds which require certain contracts to be in writing. It was there stated that the statute means just what it says and that there can be no recoveries of real-estate brokers' commissions upon *quantum meruit.* In *Leuch v. Campbell,*

250 Wis. 272, 26 N. W. (2d) 538, it was held that under the statute there can be no implied contract to pay a commission.

In this case there was a contract that expired by its terms on May 23, 1952. The contract had no effect after that date unless it was extended by a contract or memorandum thereafter in compliance with the provisions of the statute. The letters to the plaintiff by the defendant Harold Ludtke, which are set out in the facts, are not in compliance with the provisions of the statute. No reference was made therein to the original contract. At best they were offers to negotiate a new contract. The termination date of the old contract could not be extended because the terms were different and, more important, some of the property previously listed for sale had been sold. The plaintiff made no attempt to accept the offers of the defendants by securing a valid contract based upon the offers contained in the letters. We cannot imply an extension of the old contract or a new contract.

The plaintiff contends that this case is controlled by *Niske v. Nackman,* 273 Wis. 69, 76 N. W. (2d) 591. In that case the contract expired by its terms on October 1, 1953. The trial court in that case found that the contract had been extended to May 1, 1954. Just how that was accomplished does not appear in the opinion but that finding was not challenged. The contract in the *Niske Case* contained a provision that the owner would not sell the property to a prospect submitted directly or indirectly by the broker. There is no such provision in the contract in the present case, and the *Niske Case* is not controlling.

The plaintiff also relies upon some general statements in the law of agency cited in texts and in Restatement of the Law of Agency. However, it does not appear from those statements that a statute similar to sec. 240.10 was considered or was applicable. We must, therefore, hold that the plaintiff

had no enforceable contract at the time he exhibited the property to the persons who eventually bought it at a substantial reduction in price.

*By the Court.*—Judgment reversed. Cause remanded, with directions to enter a judgment dismissing the complaint, with costs to the defendants.