George Huxhold, George Ebner, and Huxhold Builders & Realtors, Inc., Plaintiffs-Respondents,
v.
John Joseph Campbell, d/b/a Terrywood Estates, a/k/a Campbell Woods, a/k/a the Woods at Mount Pleasant, LLC, Defendant-Appellant.
No. 03-1689.
Court of Appeals of Wisconsin.
Opinion Filed: April 29, 2004.
Before Dykman, Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
John Joseph Campbell appeals a money judgment in favor of Huxhold Builders & Realtors, Inc. Huxhold sued Campbell for broker commissions allegedly due under a real estate listing contract. After a bench trial, the court awarded Huxhold $111,974, under quantum meruit, for the brokerage services it provided to Campbell. Because the listing contract between Campbell and Huxhold violated WIS. STAT. § 452.135(2) (2001-02),[1] it was unenforceable. Further, a real estate broker may not recover in quantum meruit. Accordingly, we reverse.
¶2 Campbell engaged Huxhold to sell individual lots in a planned real estate development. The parties signed the contract in February 1999. It extended until December 2005, and entitled Huxhold to a 6 percent commission on each lot sold. It is undisputed that the listing contract did not include the broker's disclosure statement required by WIS. STAT. § 452.135(2).
¶3 For reasons that are disputed, but not germane to this appeal, Campbell canceled the contract in October 2000. Campbell subsequently sold several lots for which Huxhold claimed commissions, and Huxhold sued when Campbell failed to pay them.
¶4 During the trial court proceeding, Campbell argued that the listing contract was unenforceable, and no commissions owed, because the contract failed to comply with WIS. STAT. § 452.135(2). The trial court seemingly agreed, but concluded that even if the contract was unenforceable, Huxhold could recover under quantum meruit for the extensive services it provided Campbell before termination.
¶5 Huxhold cannot recover under quantum meruit as a substitute for recovery under the listing contract. The law in Wisconsin is clear. "[T]here can be no recoveries of real-estate brokers' commissions upon quantum meruit." Gilbert v. Ludtke, 1 Wis. 2d 228, 232, 83 N.W.2d 669 (1957). The trial court erred by holding otherwise.
¶6 Huxhold also has no remedy under the listing contract. A contract may violate a statute, as this listing contract undisputedly did, and remain enforceable only if enforcing it does not violate the legislative intent underlying the violated provision. Baierl v. McTaggart, 2001 WI 107, ¶19, 245 Wis. 2d 632, 629 N.W.2d 277. WISCONSIN STAT. § 452.135(2) provides: "No broker may provide brokerage services to a party to a transaction unless the broker has provided to the party a written agency disclosure form containing [the information specified in this section]." The clear intent of this language is to require the disclosure in every case, and to prohibit a broker from operating without it. Violating § 452.135(2) is a crime. See WIS. STAT. § 452.17(3). To allow the broker to commit this violation, and then seek compensation for his prohibited services, is contrary to the legislative intent under any reasonable view.
¶7 Huxhold's brief points out that Campbell is a highly experienced real estate developer and received the required disclosure form in other, contemporaneous listing contracts between the parties. Consequently, in Huxhold's view, the omission here must be deemed harmless to Campbell, and the statutory violation forgiven. However, as noted, our concern is with the legislative intent, which clearly requires the disclosure in every case, without exception, and renders unlawful every contract that omits it, without exception. Campbell's experience and knowledge are therefore irrelevant.
¶8 Our decision makes it unnecessary to decide whether the trial court awarded excessive quantum meruit damages, or whether it erred by entering judgment against Campbell individually, rather than against his limited liability company. We also need not decide whether the contract was also unenforceable because it violated WIS. STAT. § 240.10(1), an argument Huxhold contends is waived on appeal. On remand, the trial court shall enter judgment dismissing Huxhold's complaint.
By the Court.  Judgment reversed and cause remanded with directions.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.