LEUCH, Appellant, vs. CAMPBELL and others, Respondents.

*February 27—April 8, 1947.*

A. G. *Schwefel* of Milwaukee, for the appellant.

For the respondents the cause was submitted on the brief of *Winter & Koehler* of Shawano.

ROSENBERRY, C. J.   The plaintiff, a licensed real-estate broker, having his office in the city of Milwaukee, entered into a broker's contract with Roland and Doris Posik to sell their two hundred sixty-eight-acre farm with personal property located in Waushara county.   The plaintiff inserted an ad in the Waupaca County Post stating that he had this property for sale.   In the same issue the defendant Campbell had inserted the following advertisement:

"We sell your farm, home or business in ten days and guarantee to satisfy.   Our record speaks for itself.   Write or see Arthur Campbell, Real Estate, Clintonville, Wis."

The Campbell "ad" coming to the attention of the plaintiff, on June 20, 1945, he wrote Campbell as follows:

"I have a client who has a farm in Waushara county near Wild Rose, of which the inclosed is a description. Can you help dispose of it? Will split commissions with you as I have an exclusive listing. Please let me hear from you."

On June 28, 1945, Campbell wrote the plaintiff a letter, the material part of which is as follows:

"In reply: Please be advised that I am sure we could work out a very satisfactory deal on this property. However, if we are to make any headway, it will be necessary for your client to come into my office at Clintonville, so that I can have an opportunity to go over this with him. That is necessary so that I will know·just what the situation is.

"If your client will come into the office and give me this opportunity to get acquainted with the transaction and we can apply our methods of selling to this particular transaction, I believe that a deal can be made which will be entirely satisfactory to all parties concerned."·

The broker contract between the plaintiff and the Posiks by its terms expired on the 1st day of July, 1945. Mrs. Doris Posik with her father went to the office of Campbell on July 9, 1945, and on that day, Roland Posik and Doris Posik entered into a contract with Campbell to sell the farm and personal property at auction on August 21, 1945. Campbell was not personally present at the negotiations but was represented by his attorney, William Kuester, who drew the contract. Kuester was informed on the same day that the plaintiff would have to be paid out of the ten per cent commission as the Posiks were not paying two commissions. Between July 9, 1945, and the auction date, the plaintiff wrote various letters to the defendant Campbell, all of which remained unanswered. Some time after September 11, 1945, the plaintiff called upon Campbell at his office. Campbell denied that he owed any commission or that the defendants Lutz and Umland had any dealings prior to August 21, 1945, the auction date. Thereupon the plaintiff commenced this action to recover one half of the commission paid Campbell by the Posiks.

The court found the facts in regard to the making of the contract between the Posiks and Campbell, that Campbell was to receive ten per cent of the auction proceeds as compensation for services and to pay the necessary services rendered by the two employees of Campbell, Umland and Lutz; that on the date that said contract was procured by Campbell, the exclusive listing of the property with the plaintiff had expired; that no proof exists that the defendants were copartners; that the negotiations had between the plaintiff and Campbell—

"were of such an indefinite, uncertain and preliminary nature so as not to result in an enforceable contract."

Judgment was entered accordingly.

We are unable to find from the evidence in this case that the defendant Campbell ever manifested assent to the proposition made by the plaintiff in his letter of June 20, 1945. The only possible ground upon which it can be argued that he consented is the fact that the plaintiff sent Doris Posik and her father to see Campbell on July 9, 1945, but this was nine days after the plaintiff's contract with the Posiks had expired and, if they sold the farm under the circumstances of this case at that time, the plaintiff could claim no commission because he had no contract, his contract having expired. Sec. 240.10, Stats., provides that every contract to pay a commission to a real-estate broker is void unless in writing. Under this statute there is no room for a so-called implied contract. It appears that at the time that the contract was entered into between Campbell and the Posiks that Campbell's representative Kuester was informed that the Leuch contract had expired. It is clear that on the 9th day of July, when the contract was entered into between the Posiks and Campbell, there was no brokerage contract in existence between the plaintiff and the Posiks nor does it anywhere appear that Campbell ever manifested any intent whatever to split the commission with the plaintiff. Neither the plaintiff nor Campbell could have

claimed a commission under plaintiff's listing contract if a sale had been made on July 9th. It is considered therefore that the trial court correctly held that the negotiations between Leuch and Campbell were not sufficiently definite and certain to amount to a contract. There was evidently some talk about taking care of the plaintiff's commission but the plaintiff was entitled to no commission.

There is not a scintilla of evidence which tends to show that Campbell, Umland, and Lutz were ever partners.

A question is raised as to the amount of costs to which the defendants, Umland and Lutz, are entitled. Each of the defendants appeared and answered and were represented upon the trial by the same counsel. Each of the defendants denied the existence of a partnership. The defendants Umland and Lutz served a separate cost bill, claiming that they were entitled to $50 attorney fees. Campbell on a separate cost bill was allowed $50 attorney fees and $13.50 disbursements. The plaintiff objected to the cost bill of Umland and Lutz and upon a hearing the trial court disallowed it. The defendants, Umland and Lutz, filed a motion for review. The defendants, Umland and Lutz, were concerned only with the issue relating to the existence of the partnership. With respect to that the defendant Campbell took the same ground that the defendants, Umland and Lutz, took. Upon that issue they were united in interest and made the same defense by the same counsel. Under the statute, sec. 271.03, it is considered that the trial court correctly disallowed the claim of Umland and Lutz.

*By the Court.*—Judgment affirmed.

FAIRCHILD and WICKHEM, JJ., dissent.