B. F. Goodrich Company and others, Appellants, vs.
Wisconsin Auto Sales, Inc., Respondent.

*October 12—November 15, 1949.*

For the appellants there were briefs by *Kohner & Howard,* attorneys, and *Aaron D. Levine* and *Howard G. Brown* of counsel, all of Milwaukee, and oral argument by *Mr. Brown.*

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

BROWN, J. Wisconsin Auto Sales, Inc., a corporation of Milwaukee, Wisconsin, was insolvent. In the course of bankruptcy proceedings a "plan of arrangement" was agreed upon and put into operation whereby the creditors received defendant's promissory notes, without interest, in evidence of their respective claims. Five voting trustees were selected by the creditors and were given a majority of defendant corporation's capital stock, indorsed in blank, so that they controlled the corporation. They were charged with liquidating

the company and distributing the proceeds among the creditors. The trustees appointed a manager and an attorney to handle the details of the liquidation and to do the actual work. In due time, every tangible asset was sold and with a check representing a *pro rata* distribution each creditor received a letter stating that it was a final dividend and the case was closed. Later, the manager received from a third party an offer of $2,000 for all the capital structure, debt free. The offer was transmitted to some of the trustees and was rejected because they could not undertake to obtain and deliver *all* the stock, and because the sum offered was too small to be interesting. A new proposal of $4,000 was then made for the trustees' stock, only, debt free, together with the books and records of the company in the trustees' possession. The trustees' representative accepted this offer and in the autumn of 1943 the proceeds of this sale were distributed with a letter to each creditor stating that the trustees' representative had sold their capital stock and had realized enough to make this additional and final two per cent distribution. There was a legend on the back of the check reciting,—

"It is agreed that indorsement or certification of this check constitutes full payment and satisfaction of any and all claims that the creditor has, or may have had, against the Wisconsin Auto Stores, Inc., or the voting trustees appointed in proceedings under chapter XI in the United States district court for the eastern district of Wisconsin, or their representatives, and that this check is a final distribution and not a payment on account."

Each plaintiff cashed his check. In August of 1945, the plaintiff and four other creditors for themselves and, they alleged, for all other similarly situated, numbering more than three hundred fifty, brought suit on the notes which had represented their respective claims.

Defendant's answer put in issue the right of plaintiffs to maintain a class action, denied indebtedness upon the notes,

and pleaded accord and satisfaction and estoppel. Trial was had to the circuit court for Milwaukee county. The court found it unnecessary to decide whether plaintiffs had a right to maintain a class action because on the merits it gave judgment dismissing the action with costs to defendant.

Plaintiffs appeal from the judgment and wish to convince us that the trustees had no authority to release the balance of the creditors' claims as part of the consideration in the sale of the trustees' stock; and that the sale and release was not ratified by the creditors by their acceptance of the checks because they did not have knowledge of all material facts.

The defendant-respondent asks that the judgment on the merits be affirmed, but also asks us to state that this is not properly a class action and to declare that it is the obligation of the plaintiffs to prove the identity of every noteholder and the amounts due upon the several notes, which plaintiffs did not do. Further, it moves us to review that part of the judgment which limits it to tax costs as if there was only one plaintiff instead of four with individual claims. Respondent also raises questions concerning the trial court's dismissal of the action of Coliseum Battery & Equipment Company, a corporation, against the defendant. That action involved identical facts and was consolidated for trial with the principal action. When it became apparent to the trial court that it was tainted with champerty and maintenance, it was dismissed and no appeal was taken.

It has been stated often by this court that findings of fact by a trial court will not be disturbed unless they are against the great weight and clear preponderance of the evidence. We think that the court's findings in this action are in accord with such weight and preponderance. It was found that the trustees had both apparent and actual authority to sell the stock which they held in trust and that the retention by a creditor of a check for his share of the proceeds of such sale, accompanied as it was by the letter and bearing the legend

above referred to, constituted satisfaction of such creditor's claim against the defendant corporation. The "plan of arrangement," approved by the United States district court in the bankruptcy proceedings, under which the rights of debtor and creditors and the powers and obligations of the trustees were fixed, states, in paragraph 10 of the agreement forming part of the "plan," that upon the occurrence of certain matters which had in fact occurred, the trustees "shall cause the company to be liquidated in such manner as they deem most expedient and in the best interests of the then noteholders," and paragraph 17 recites: "The stock trustees are authorized and empowered to construe this agreement, and their construction made in good faith shall be conclusive and final upon the noteholders."

When the trustees had disposed of everything except the corporate structure and had distributed the proceeds, it appears that liquidation was complete. The creditors had received 50.25 per cent of their claims and there was no property out of which anything more could be collected. The trustees decided not to attempt to dissolve the corporation because they controlled only a bare majority of its corporate stock instead of the two thirds necessary to vote for dissolution. Then the third party made his offer for the capital stock held in trust, provided that the portion of the claims still unpaid should be released. Appellants would have us believe that although the function of the trustees was to produce as much as possible from the corporate assets, they had no authority to dispose of this particular property if that included cancellation of the balance of the claims. That is to say, the creditors required their trustees to preserve claims upon which no further dividends could possibly be paid because the debtor had parted with its entire property, and also retain control of a corporation which would be nothing but a burden and expense as long as it might exist, for unless the corporation continued to make its annual reports as provided by law, the

secretary of state is charged with the duty of procuring the forfeiture of its corporate rights and privileges. (Sec. 180.08, Stats.) When, unexpectedly, it appeared that a third party was willing to pay for the bare bones of the bankrupt corporation, provided that the transfer could be made promptly and that the now worthless obligations were extinguished, we consider it was not the duty of the trustees to retain for creditors the worthless and burdensome properties, but that they acted well within their authority when they seized the opportunity to convert them into cash by making the sale on the terms stated. We hold, further, that the final dividend check bearing the recitation above set forth when indorsed and deposited by a creditor is, without more, ample evidence to sustain the trial court's finding that there was a complete satis faction and release by that creditor of the balance of its claim It would be hard to find words which informed the creditor more clearly of the material fact that one consideration for the payment was the satisfaction of the claim against the company.

The findings are sustained by the evidence, and the part of the judgment dismissing the complaint upon the merits must be affirmed.

Since it is determined that the appellants shall have no recovery in their own right, it becomes unnecessary for us, as for the circuit court, to determine whether their action was a class action and, if so, what evidence might have been required respecting the notes of the creditors they professed to represent.

In the action of Coliseum Battery & Equipment Company against the present defendant and respondent, no appeal was taken and the record is not before us. We are without jurisdiction and the questions raised by respondent in the Goodrich action concerning the dismissal of the Coliseum action must, therefore, go unanswered.

The judgment in the case before us granted costs against each of the five plaintiffs. On plaintiffs' motion the judgment was amended by order reducing the costs to a total of $100, plus disbursements, as though a single plaintiff was engaged. The respondent has moved this court to review that part of the judgment. The causes of action of the several plaintiffs were identical except in amounts claimed, they united in a single complaint, every issue that affected any of them affected each, and one firm of attorneys represented them all. Defendant's burden was not greater with the five plaintiffs than it would have been with one. It might be logical in such circumstances to allow no more than one taxation of costs if we were free to do so. Taxation of costs, however, is controlled by statute. Sec. 271.03 (2), Stats., provides: "If the defendant is entitled to costs he shall recover costs on the basis on which the plaintiff would have recovered if the demands of his complaint had been established." The question then is on what basis would the several plaintiffs have been permitted to tax costs had they been successful in the action. This question has been settled by *Gospodar v. Milwaukee Automobile Ins. Co.* (1946), 249 Wis. 332, 24 N. W. (2d) 676, 25 N. W. (2d) 257. In an action for damages arising out of an automobile accident six plaintiffs joined six causes of action in one complaint. Each recovered judgment and this court permitted each to tax costs separately. Admittedly, the case may be distinguished from the present one on the facts, particularly since different issues of negligence were involved in the driver's cause of action and in that of the passengers. But the language of the decision, pp. 339, 339a, sets forth a principle which embraces the question before us:

"It is the rule at this time that if each of the plaintiffs had commenced a separate action they could have recovered the costs which they have now taxed. To hold that they cannot do so by joining in the same complaint would necessarily

mean that in the future separate causes of action would be commenced, which as the trial court has well said would be— 'in direct conflict with modern court procedure to reduce multiplicity of suits and it cannot be held that the end result of the statutes on costs is to encourage and promote a multiplicity of actions in order that greater costs may be thereby obtained. Whether Irene Gospodar, John J. Gospodar, Mary Hebert, Thomas Hebert, Joyce Borchek and Michael Borchek assert their claims in separate complaints or in the same complaint, they are suing in different rights and the suits are consolidated in either event as a matter of convenience and economy in the administration of justice. Each plaintiff has a separate and distinct cause of action and full control thereof within the principle of *Hansberry v. Dunn.*' "

Appellant-plaintiffs have referred us to *Rheingans v. Heppler* (1943), 243 Wis. 126, 9 N. W. (2d) 585, and *Leuch v. Campbell* (1947), 250 Wis. 272, 26 N. W. (2d) 538, in each of which only one bill of costs was allowed. In each of these actions there was one plaintiff and multiple defendants united in interest. The issues were such that the plaintiff in each case was entitled to but one recovery. This is quite different from multiple plaintiffs, each with its separate right of recovery though the causes of action may be similar, and we find nothing inconsistent between the statute interpreted by the *Gospodar Case* on the one hand, and the *Leuch* and *Campbell Cases* on the other. So here, each plaintiff could have begun its own action upon its own note and if successful could have taxed costs. Under the doctrine of the *Gospodar Case* interpreting 271.03 (2), Stats., each such plaintiff when unsuccessful is liable for such costs to the defendant, and joining in a single complaint has not saved them. We must hold that it was error to limit respondent to a single taxation. The order of the circuit court amending the judgment in respect to costs, therefore, must be reversed.

*By the Court.*—Order of March 18, 1949, amending judgment reversed, with directions to reinstate the judgment as entered February 18, 1949, which judgment is affirmed.