Terry GORMAN and Mari-Jo Gorman, Plaintiffs-Respondents-Cross-Appellants,†

v.

WAUSAU INSURANCE COMPANIES, a Wisconsin corporation, Defendant-Appellant-Cross-Respondent,

GENERAL CASUALTY INSURANCE and Northwestern National Life Insurance, Nominal-Defendants.

Court of Appeals

*No. 92-0940. Submitted on briefs December 7, 1992.—Decided March 16, 1993.*

(Also reported in 499 N.W.2d 245.)

† Petition to review denied.

320

For the defendant-appellant cross respondent, the cause was submitted on the briefs of *Jennifer M. Lee* of *Schuch & Stilp Law Offices* of Appleton.

For the plaintiffs-respondents cross appellants, the cause was submitted on the briefs of *Joseph C. McCormick* of *Plier, Judge & McCormick, S.C.* of Oconto.

For the Wisconsin Academy of Trial Lawyers, an amicus curiae brief was filed by *William R. Wilde* of *Curtis, Wilde & Neal* of Oshkosh.

For the League of Wisconsin Municipalities, an amicus curiae brief was filed by *Curtis A. Witynski* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Wausau Insurance Companies appeals a judgment in favor of Terry and Mari-Jo Gorman awarding Terry $250,000 in damages for personal injuries he sustained in a car accident, awarding Mari-Jo an additional $52,297.79 for medical expenses and lost wages attributable to marital property, and awarding Terry double costs and interest under sec. 807.01, Stats., because the jury verdict exceeded Terry's offer of settlement.[1] On appeal, Wausau Insurance argues that the trial court erred by allowing Terry double costs and interest pursuant to sec. 807.01, awarding damages to Mari-Jo and denying it costs against Mari-

---

[1] A jury awarded Terry $381,797.97, and the trial court reduced his award to $250,000 pursuant to the statutory cap established on awards for municipal liability for motor vehicle accidents. The court, however, allowed an additional $52,297.79 representing Mari-Jo's marital share of the damages.

Jo pursuant to sec. 814.03(1), Stats., The Gormans cross-appeal, arguing that the trial court erred by failing to award the remainder of the jury award, $79,500, to Mari-Jo.[2]

We conclude that the trial court properly denied Wausau Insurance disbursements against Mari-Jo attributable to the defense of Terry's claim. However, we determine that Wausau Insurance is entitled to costs of $100, representing statutory attorney fees against an unsuccessful plaintiff. We also conclude that because sec. 807.01, Stats., provides for recovery of costs and interest where the verdict exceeds an offer of settlement, allowance of double costs and interest to Terry was proper. Finally, because Mari-Jo did not pursue a separate cause of action seeking compensation for her marital share of medical damages and lost wages, we reverse that portion of the judgment awarding her $52,297.79 and remand for recalculation of interest. Consequently, we also reject the Gormans' cross-appeal.

Terry Gorman was injured in an automobile accident when a city of Oconto Falls' truck turned left in front of his car and he was unable to avoid collision. The Gormans brought suit against the city, the truck driver and their insurance company, seeking recovery for Terry's personal injury damages and Mari-Jo's loss of consortium. The Gormans' counsel presented an offer of settlement of Terry's claim in the amount of $149,900.

---

[2] The League of Wisconsin Municipalities and The Wisconsin Academy of Trial Lawyers submitted amicus curiae briefs. The League takes the position that the Marital Property Act does not entitle Mari-Jo to the separate cause of action and a separate damage cap. The Wisconsin Academy of Trial Lawyers takes the opposite position and maintains that Mari-Jo is entitled to recover marital assets that represent lost income and medical expenses in addition to Terry's $250,000 damage award.

The jury eventually found the defendant truck driver solely negligent and awarded $381,797.97 in damages for Terry's past and future medical expenses, past and future loss of earning capacity and past and future pain and suffering. The jury awarded no damages for Mari-Jo's loss of consortium claim.

Because the jury rejected Mari-Jo's claim, Wausau Insurance, in its motions after verdict, requested taxable costs against her pursuant to sec. 814.03(1), Stats. It also sought reduction of the jury award to $250,000 pursuant to sec. 345.05, Stats., which places a statutory cap of $250,000 on municipal liability for motor vehicle accidents.[3] The Gormans requested double costs and interest under sec. 807.01, Stats., because of Wausau Insurance's failure to accept an offer of settlement.

The trial court denied taxable costs against Mari-Jo. The court also awarded double costs and interest based on the offer of settlement, reduced the jury award to Terry to $250,000 and awarded Mari-Jo an additional $52,297.79 for the jury's award to Terry for medical expenses and lost wages, on the theory that it represented her share of marital property.

■

Wausau Insurance first argues that it should be awarded taxable costs pursuant to sec. 814.03(1), Stats., because it prevailed against Mari-Jo's claim for loss of consortium. We agree. Section 814.03(1) provides that "[i]f the plaintiff is not entitled to costs . . . the defendant shall be allowed costs to be computed on the basis of the demands of the complaint . . .." The right to recover costs is not synonymous with the right to

---

[3] Section 345.05 governs municipal liability for motor vehicle accidents and provides that "the amount recoverable by any person for any damages, injuries or death in any action shall not exceed $250,000."

recover the expenses of litigation. *Zintek v. Perchik*, 163 Wis. 2d 439, 470, 471 N.W.2d 522, 534 (Ct. App. 1991). Such right is statutory in nature, and to the extent that the statutes do not authorize the recovery of specific costs, they are not recoverable. *Id.* In addition, sec. 814.03 contemplates the awarding of costs only to successful parties. *DeGroff v. Schmude*, 71 Wis. 2d 554, 568, 238 N.W.2d 730, 737 (1976).

■

Section 814.04(2), Stats., provides compensation for attorney fees and "[a]ll necessary disbursements and fees allowed by law . . .." We agree that Wausau Insurance is the prevailing party as to Mari-Jo's claim. However, in order to recover costs for actual disbursements, Wausau Insurance must show how those expenses were spent in defending itself against Mari-Jo's claim. Wausau Insurance requested costs for such experts as their accountant who analyzed Terry's wage claim, their economist who analyzed Terry's wage loss and even their doctor who examined Terry. Any disbursements to those experts relate solely to Terry. Wausau Insurance cannot recoup disbursements it incurred in defending itself against Terry, a successful party.

■

Nonetheless, pursuant to sec. 814.04, Stats., and *B. F. Goodrich Co. v. Wisconsin Auto Sales, Inc.*, 256 Wis. 11, 39 N.W.2d 678 (1949), Wausau Insurance may recover $100 in attorney fees. Section 814.04(1)(b) provides in relevant part that "[w]hen . . . it is not practical to ascertain the money value of the rights involved, attorney fees . . . shall be fixed by the court, but shall not be less than $15 nor more than $100." *B. F. Goodrich* held that under sec. 271.03(2), Stats., now sec. 814.03, a defendant was entitled to recover costs against multiple plaintiffs, even though one firm represented them all. *B.*

*F. Goodrich,* 256 Wis. at 17, 39 N.W.2d at 681. There-fore, Wausau Insurance is entitled to $100 in costs for statutory attorney fees, as distinct from disbursements for which the successful party must show a necessary expenditure relating to the losing party's case.

■

Next, Wausau Insurance argues that Terry is not entitled to double costs or interest pursuant to sec. 807.01(3) and (4), Stats.[4] These statutory sections pro-vide double costs and additional interest if an offer of settlement made by a plaintiff is rejected by the defen-dant and the plaintiff is subsequently awarded a greater judgment. The purpose of sec. 807.01 is to encourage settlement of cases prior to trial. *DeMars v. LaPour,* 123 Wis. 2d 366, 373, 366 N.W.2d 891, 894 (1985).

Wausau Insurance first contends that Terry is not entitled to recovery because he did not file a timely motion seeking to enforce his second offer of settlement. Terry, in his motions after verdict, requested double costs and interest based on his first joint offer of settle-ment, which is invalid under *Peissig v. Wisconsin Gas Co.,* 155 Wis. 2d 686, 700-01, 456 N.W.2d 348, 354 (1990) (double costs and interest are unavailable when

---

[4] Section 807.01(3) provides in relevant part:

> After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum . . . with costs. . . . If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

Section 807.01(4) provides in part:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settle-ment, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid.

multiple plaintiffs make a joint offer of settlement). The court, however, granted costs based on his second offer that Wausau Insurance concedes is valid in all respects.

Nothing in sec. 807.01, Stats., requires a party to file a motion in order to recover costs. Rather, this statute mandates the court to impose costs and interest when the defendant rejects a valid offer of settlement and the plaintiff recovers a greater judgment. We conclude that a motion need not be filed in order to recover these costs and interest.

Wausau Insurance next argues that sec. 345.05(3), Stats., precludes Terry from recovering more than $250,000 and, therefore, he is not entitled to double costs and interest exceeding this amount. We disagree. Construction of statutes should be done in a way that harmonizes the whole system of law of which they are a part, and any apparent conflict should be reconciled if possible. *Muskego-Norway Cons. Schs. Jt. Sch. Dist. No. 9 v. WERB,* 35 Wis. 2d 540, 556, 151 N.W.2d 617, 625 (1967).

Section 345.05, Stats., places a statutory cap on municipal liability for motor vehicle accidents. It provides that the amount recoverable for any person for any *damages,* injury or death in any action shall not exceed $250,000. Section 807.01, Stats., however, is a punitive statute imposing costs and interest, which are distinguishable from damages. *See Shorewood School Dist. v. Wausau Ins. Cos.,* 170 Wis. 2d 347, 378, 488 N.W.2d 82, 93 (1992). We conclude that in order to construe these statutory provisions harmoniously and give full effect to each provision, costs and interest under sec. 807.01 are to be imposed in addition to the $250,000 damage award.

329

Furthermore, construing sec. 345.05 to preclude the recovery of double costs and interest when damages reach $250,000 thwarts the purpose of sec. 807.01 and invites unnecessary litigation. *See Herman v. Milwaukee Children's Hosp.*, 121 Wis. 2d 531, 558, 361 N.W.2d 297, 309 (Ct. App. 1984).

Finally, Wausau Insurance maintains that the trial court erred by awarding Mari-Jo $52,297.79 representing the jury award for medical expenses and lost wages under Terry's claim.[5] We agree and reverse that part of the judgment. The jury denied Mari-Jo damages for her loss of consortium claim. The court, however, awarded her a portion of the jury's damage award for Terry's claims relying on *Schwartz v. City of Milwaukee*, 54 Wis. 2d 286, 195 N.W.2d 480 (1972).

*Schwartz* involved a personal injury action where the injured wife brought a claim seeking damages for lost wages and pain and suffering and the husband brought a separate claim seeking compensation for her medical expenses and loss of consortium.[6] The issue was whether the husband's claim was barred by a $25,000 statutory cap because the wife's damage claim had exhausted that amount. *Id.* at 287–88, 195 N.W.2d at 482. The court

---

[5] The court found that Terry's medical expenses were $8,958.79, and the jury found that Terry's lost earnings were $43,339. The court awarded Mari-Jo this entire amount. However, even if Mari-Jo had sought compensation for losses in a separate cause of action, presumably only half the amount constituted her share of recoverable marital property. *See* sec. 766.31, Stats.

[6] Under the doctrine of necessaries, the husband used to be liable for his wife's medical expenses and was therefore usually considered the proper party to bring a claim seeking compensation for them. *In re Stromsted*, 99 Wis. 2d 136, 141, 299 N.W.2d 226, 229 (1980).

held that their claims were distinct, and the statutory cap was to be applied to each claim separately. *Id.* at 295, 195 N.W.2d at 485. Thus, it was the separate pursuit of causes of action for damages that was the key to the court's decision. *Wilmot v. Racine County*, 136 Wis. 2d 57, 62, 400 N.W.2d 917, 919 (1987).[7]

Here, the jury failed to award Mari-Jo damages for her loss of consortium claim. In her separate cause of action, Mari-Jo did not request that the jury award damages for her share of medical expenses and lost wages.[8] Under *Schwartz*, she cannot now attempt to recover based on Terry's claim. Therefore, we reverse that portion of the judgment awarding Mari-Jo $52,297.79 and remand so that interest can be recalculated based on the reduced judgment. We also reject the Gormans' cross-appeal on the same basis.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.

---

[7] The Gormans also rely on *Wood v. Milin*, 134 Wis. 2d 279, 397 N.W.2d 479 (1986). However, this case is also inapposite because it involved joint tenants, who had a distinct and separate interest in the property as well as separate losses. The court also concluded that each joint tenant had a separate cause of action as required by *Schwartz*.

[8] In reaching its decision, the trial court also relied on sec. 766.317(f), Stats., of the Marital Property Act. This statutory section classifies as marital property the amount of personal injury recovery attributable to wage loss and expenses paid out of marital funds. Presumably, Mari-Jo could have recovered damages for her share of lost marital property had she sought them in a separate cause of action and submitted her claim to the jury.