Karen SUCHOMEL and Dennis Suchomel,
Plaintiffs-Respondents-Cross-Appellants,†

PHYSICIANS PLUS INSURANCE CORPORATION,
Subrogated-Plaintiff,

v.

UNIVERSITY OF WISCONSIN HOSPITAL & CLINICS and St.
Paul Fire & Marine Insurance Company,
Defendants-Cross-Respondents,

WISCONSIN PATIENTS COMPENSATION FUND
and Dr. John Sandin,
Defendants,

Dr. Daniel RESNICK,
Defendant-Appellant.

Court of Appeals

*No. 2004AP363. Submitted on briefs February 10, 2005.
—Decided October 20, 2005.*

2005 WI App 234

(Also reported in 708 N.W.2d 13.)

189

191

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James McCambridge*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Pamela J. Smoler* of *Smoler Law Office, LLC*, Monona.

On behalf of the defendants-cross-respondents, the cause was submitted on the brief of *David E. McFarlane* and *Sheila M. Sullivan* of *Bell, Gierhart & Moore, S.C.*, Madison.

Before Dykman, Deininger and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Dr. Daniel Resnick appeals a judgment entered following a jury verdict in favor of Karen Suchomel and Dennis Suchomel in their medical malpractice action against Resnick, Dr. John Sandin, University of Wisconsin Hospital and Clinics (UWHC), St. Paul Fire & Marine Insurance Company and the Wisconsin Patients Compensation Fund.

Resnick argues the trial court erroneously exercised its discretion in giving a *res ipsa loquitur* jury instruction because the instrumentality causing Karen's injuries was not in Resnick's exclusive control. Resnick asserts three surgeons participated in the surgery, including Resnick, Sandin and Dr. Michael Schurr, a general surgeon. However, according to Resnick, Schurr's name was not included in the jury instruction, thus one of the two standards for giving the jury instruction was not met. Resnick further argues the trial court erroneously exercised its discretion by permitting the Suchomels to amend their pleadings to include a claim for Dennis's share of Karen's medical expenses and costs and by awarding those damages to him.

¶ 2.  We conclude Resnick waived his objection to the *res ipsa loquitur* instruction by failing to raise it in a motion after verdict. We also conclude the trial court properly allowed the Suchomels to amend their pleadings and awarded damages to Dennis. Accordingly, we affirm the judgment against Resnick.

¶ 3.  The Suchomels cross-appeal, arguing the trial court erred by dismissing their claim that Resnick was an ostensible agent of UWHC based on its interpretation of Wis. Stat. § 233.17(2)(b) (2003–04).[1] We conclude, based on the plain and unambiguous language of § 233.17(2)(b), that Resnick was not an agent of UWHC, ostensible or otherwise. We therefore affirm the trial court's dismissal of this claim.

## FACTS

¶ 4.  Karen Suchomel underwent spine surgery to address intractable back pain and lumbar instability at

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

the L4–L5 region of her spine. The operation performed is described as an anterior lumbar inner body fusion at L4–L5 with BAK instrumentation and autograft. During the surgery, a complication arose where Karen suffered vascular injuries to her vena cava and iliac veins. As a result, Karen has since required extensive medical treatment. In addition, Karen will require lifelong medical care and will likely require graft replacement and/or revision.

¶ 5.   Resnick was the attending neurosurgeon responsible for the spine surgery and was assisted by his resident, Dr. John Sandin. Schurr performed the first portion of the surgery known as the approach (i.e. the opening of the abdomen). Schurr was assisted by his resident, Dr. Jon Gould.

¶ 6.   The Suchomels sued Resnick, Sandin, Schurr and Gould for the injuries Karen sustained during her surgery on the theories of negligence, failure to obtain informed consent and *res ipsa loquitur.* All four defendants testified in deposition that nothing Schurr or Gould did would have caused this injury. Consequently, Schurr and Gould were dismissed from the action. The Suchomels further alleged UWHC was legally responsible for Resnick's negligence under the theory of ostensible agency.

¶ 7.   Prior to trial, Resnick and Sandin moved in limine to preclude the Suchomels from advancing their claim related to ostensible agency. Based on its reading of WIS. STAT. § 233.17(2)(b), the trial court granted this motion.

¶ 8.   At trial, Resnick and Sandin argued Schurr was responsible for Karen's injury. During the jury instruction conference, Resnick argued Schurr should be included in the *res ipsa loquitur* instruction because the question remained over who had exclusive control

over the instrumentalities giving rise to Karen's injuries. The jury returned a verdict in favor of the Suchomels, finding Resnick 80% negligent and Sandin 20% negligent; the jury found no negligence on Schurr's part.

¶ 9. The Suchomels filed various post-trial motions, including a motion to amend the pleadings and for judgment in favor of Dennis. The trial court allowed Dennis to amend the pleadings to claim his marital share of medical expenses after the jury's verdict was returned and awarded him those damages. Resnick filed no motions after verdict except to stay execution of the judgment. Resnick appeals and the Suchomels cross-appeal. Further facts will be discussed as relevant.

## DISCUSSION

### *Appeal*

■■■■■

¶ 10. Resnick first argues the trial court erroneously gave the *res ipsa loquitur* instruction on the question of exclusive control. The Suchomels counter Resnick waived his right to appeal the *res ipsa loquitur* issue because Resnick failed to raise this objection in a motion after verdict. We agree. The well-established law in Wisconsin is that "the failure to include alleged errors in the motions after verdict constitutes a waiver of the errors." *Ford Motor Co. v. Lyons*, 137 Wis. 2d 397, 417, 405 N.W.2d 354 (Ct. App. 1987). "This rule applies where a proper objection is made during the course of trial, but the error is not included in the motions after verdict." *Id.*

¶ 11. Resnick does not deny he failed to raise this objection by a motion after verdict. He claims, however,

he preserved the objection by raising it during the jury instruction conference as required by WIS. STAT. § 805.13(3).[2] Resnick asserts he was unable to locate any authority in Wisconsin requiring him to preserve his objection to the jury instruction by raising it in a motion after verdict. Such authority, however, exists. As we explained, a party waives all claims of error not raised in motions after verdict although a timely objection was made at trial. *See Ford Motor Co.*, 137 Wis. 2d at 417. We see no reason why this rule should not apply to an asserted jury instruction error. Because Resnick did not preserve his objection to the *res ipsa loquitur* instruction in a motion after verdict, he has waived his right to object to it on appeal.

¶ 12.   Resnick next argues the trial court improperly permitted the Suchomels to amend their pleadings after the jury verdict and erred by awarding damages to Dennis based on the amendment. Again, we disagree.

¶ 13.   The Suchomels' original complaint includes a claim for past and future medical expenses for Karen. Post-trial, the Suchomels filed a motion to amend the

---

[2] WISCONSIN STAT. § 805.13(3) states:

INSTRUCTION AND VERDICT CONFERENCE.   At the close of the evidence and before arguments to the jury, the court shall conduct a conference with counsel outside the presence of the jury. At the conference, or at such earlier time as the court reasonably directs, counsel may file written motions that the court instruct the jury on the law, and submit verdict questions, as set forth in the motions. The court shall inform counsel on the record of its proposed action on the motions and of the instructions and verdict it proposes to submit. Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record. Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict.

pleadings pursuant to Wis. Stat. § 802.09(2) to add a claim for past and future medical expenses and costs on behalf of Dennis. Section 802.09(2) allows amendments to the pleadings to conform to the evidence and states:

> If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

¶ 14. It is within the trial court's discretion to allow amendments of the pleadings until and even after judgment. *Wright v. Mercy Hosp. of Janesville, Wisconsin, Inc.*, 206 Wis. 2d 449, 460, 557 N.W.2d 846 (Ct. App. 1996). However, an amendment to the pleadings may not unfairly deprive the adverse party of the opportunity to contest the issues raised by the amendment. *Estate of Neumann v. Neumann*, 2001 WI App 61, ¶ 129, 242 Wis. 2d 205, 626 N.W.2d 821. A trial court may amend the pleadings if the opposing party is not prejudiced by the amendment. *American Fed'n of State, County, & Mun. Employees Local 1901 v. Brown County*, 146 Wis. 2d 728, 737, 432 N.W.2d 571 (1988). In

reviewing such actions by the trial court, we apply an erroneous exercise of discretion standard of review. *Schultz v. Trascher*, 2002 WI App 4, ¶ 14, 249 Wis. 2d 722, 640 N.W.2d 130.

¶ 15.   The trial court granted the Suchomels' motion to amend the pleadings, concluding Resnick had the opportunity to challenge Dennis's claim for Karen's medical expenses and Resnick was not prejudiced in any way by the amendment. The trial court stated:

> The motion to amend the complaint to include an explicit claim by Dennis for the medical expenses of Karen will be granted. It is true that on the state of the pleadings and the record as it stands right this moment, *Gorman* [*v. Wausau Ins. Cos.* 175 Wis. 2d 320, 499 N.W.2d 245 (Ct. App. 1993)] would be dispositive, but what was crucial in *Gorman* is that there was no claim asserted by the other spouse for the medical expenses. And here, the whole point of the motion is to amend the pleadings so as to assert expressly the kind of claim that was missing in *Gorman*.
>
> Now, contrary to Dr. Sandin's position, the prerequisite for the use of section 802.09(2) is present here. The issue of Dennis's entitlement to recover one-half of the medical expenses for treatment of Karen's injuries caused by the defendant's negligence was not raised in the pleadings but was tried by implicit consent of all parties.
>
> No objections to evidence of the marital relationship between Dennis and Karen was made, nor was any request ever made for a cautionary instruction to limit the jury's use of this evidence to only the consortium claim.
>
> There is no evidence or even any argument that granting this motion to amend would or did cause any prejudice to any defendant. No suggestion has been

offered as to what different steps would have been taken or what different evidence would have been offered or what different arguments might have been made at trial if this claim had been originally pled.

¶ 16. We conclude the trial court properly exercised its discretion in permitting the Suchomels to amend their pleadings to include Dennis's claim for his share of the medical expenses and by awarding him such damages. The trial court observed that the issue of Dennis's right to recover damages for his share of Karen's medical expenses "was tried by implicit consent of all parties." The record supports this conclusion. Resnick had the opportunity, which he exercised, to challenge Dennis's share of Karen's medical expenses by challenging the reasonableness and necessity of the expenses. Resnick also did not object to evidence pertaining to the Suchomels' marriage.

[9]

¶ 17. The trial court also correctly observed Resnick was not prejudiced by the amendment. *See American Fed'n*, 146 Wis. 2d at 737. The trial court noted that it asked Resnick's trial counsel what prejudice would have visited upon Resnick by permitting the Suchomels' amendment. Resnick's counsel conceded his presentation of the case would not have been affected in any way. Accordingly, we agree with the trial court's conclusion that Resnick was not prejudiced by this late amendment.

¶ 18. Resnick argues that because the jury did not award Dennis any damages for his loss of consortium claim and because Dennis neither pled nor requested the jury to award him damages for his marital share of medical expenses and lost wages, the trial court should not have allowed Dennis to amend the pleadings to

include a claim for his marital share of medical expenses after the jury's verdict was returned. Resnick relies primarily on *Gorman v. Wausau Ins. Cos.*, 175 Wis. 2d 320, 499 N.W.2d 245 (Ct. App. 1993), in support of this argument. Resnick's reliance on *Gorman* is misplaced.

¶ 19. In *Gorman*, plaintiff-husband Terry Gorman was injured when a truck owned by the city of Oconto Falls turned left in front of his vehicle and Terry was unable to avoid a collision. *Id*. at 325. Terry and his wife Mari-Jo sued for Terry's personal injury damages, as well as Mari-Jo's claim for loss of consortium. *Id*. The jury awarded Terry damages for his personal injury claim but did not award Mari-Jo anything for her consortium claim. *Id*. at 326. The trial court then awarded Mari-Jo additional damages for medical expenses and wages, representing her share of marital property. *Id*. We reversed Mari-Jo's award, reasoning:

> the jury failed to award Mari-Jo damages for her loss of consortium claim. In her separate cause of action, Mari-Jo did not request that the jury award damages for her share of medical expenses and lost wages. Under *Schwartz* [*v. City of Milwaukee*, 54 Wis. 2d 286, 195 N.W.2d 480 (1972)], she cannot now attempt to recover based on Terry's claim.

*Gorman*, 175 Wis. 2d at 331.

¶ 20. Here, the parties implicitly tried Dennis's claim for his marital share of the medical expenses. The Suchomels presented evidence of Karen's past and future medical expenses and that they were married and shared financial responsibility for all expenses. In *Gorman*, the non-injured spouse's claim was never tried nor presented; the non-injured spouse failed to advance any claim for medical expenses as marital property, either in the pleadings or at trial.

## Cross-Appeal

¶ 21. The Suchomels cross-appeal, arguing the trial court erred in its interpretation of WIS. STAT. § 233.17(2)(b) to preclude the Suchomels from advancing their claim related to ostensible agency. The Suchomels assert UWHC owed them a duty under the theory of ostensible agency for the substandard care provided by Resnick and Sandin. The Suchomels advance three arguments in support of this assertion: (1) Karen was unaware of Resnick's status as a faculty member of the University of Wisconsin Medical School before her surgery; she contends UWHC and Resnick held themselves out as being "members" of the same entity, giving the impression that Resnick was an agent of UWHC and that Resnick did nothing to disabuse Karen of this notion; (2) § 233.17(2)(b) does not limit UWHC's liability to them because Resnick was not acting as a faculty member or academic staff when he operated on Karen; and (3) the plain language of § 233.17(2)(b) indicates the legislature intended to limit its applicability to actual agency to the exclusion of ostensible or apparent agency. We reject these arguments.

¶ 22. We address Karen's contention that WIS. STAT. § 233.17(2)(b) does not apply to Resnick and that the legislature intended to limit the scope of the statute to actual agency.[3] To do so, we must interpret the provisions of § 233.17(2). Statutory construction involves a question of law which we review de novo. *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978,

---

[3] Because our resolution of these two arguments is dispositive, we need not address Karen's first argument.

542 N.W.2d 148 (1996). When we construe a statute, we begin with the plain language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially-defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret a statute within its context, not in isolation but as part of the whole statute, in relation to the language of surrounding or closely-related statutes, and reasonably so as to avoid absurd or unreasonable results. *Id.*, ¶ 46. When the statute is unambiguous, we apply the statute consistent with its plain and clear meaning. *Id.*

¶ 23. The Suchomels contend Resnick was not acting as a faculty member or academic staff when he operated on Karen, but rather as a state employee. Consequently, according to the Suchomels, WIS. STAT. § 233.17(2)(b) does not protect the University of Wisconsin Hospital and Clinics Authority (the Authority)[4] from Resnick's liability.

¶ 24. WISCONSIN STAT. § 233.17 limits the scope of liability of the Authority. Section 233.17 states:

> **(1)** Neither the state, any political subdivision of the state nor any officer, employee or agent of the state or a political subdivision who is acting within the scope

---

[4] The Authority was created by the legislature as "a public body corporate and politic" in order to, among other things, "maintain, control and supervise the use of" UWHC in order to deliver "comprehensive, high-quality health care to patients" in an "environment suitable for instructing medical and other health professions students," to sponsor and support "research in the delivery of health care" and to assist "health programs and personnel throughout the state . . . ." WIS. STAT. §§ 233.02(1) and 233.04(3b)(a).

of employment or agency is liable for any debt, obligation, act or omission of the authority.

(2) (a) No officer, employee or agent of the board of regents, including any student who is enrolled at an institution within the University of Wisconsin System, is an agent of the authority unless the officer, employee or agent acts at the express written direction of the authority.

(b) *Notwithstanding par. (a), no member of the faculty or academic staff of the University of Wisconsin System, acting within the scope of his or her employment, may be considered, for liability purposes, as an agent of the authority.* [Emphasis added.]

¶ 25. Prior to the formation of the Authority, UWHC was part of the University of Wisconsin – Madison, a state agency, and all liability arising from faculty and the hospital was assumed by the state pursuant to Wis. Stat. §§ 893.82 and 895.46. *See Riccitelli v. Broekhuizen,* 227 Wis. 2d 100, 107, 595 N.W.2d 392 (1999). The state no longer assumed liability for the Hospital after the Hospital severed its relationship with the University. However, the state retained liability for the faculty and other university staff and students under Wis. Stat. § 233.17.

¶ 26. The plain language of Wis. Stat. § 233.17(2)(b) prevents a faculty member from being deemed an agent of UW Hospital, either ostensibly or in fact. Section 233.17(2)(b) specifically states "no member of the faculty or academic staff of the University of Wisconsin System, acting within the scope of his or her employment, may be considered, for liability purposes, as an agent of the authority." Thus, based on the unambiguous language of this statute, if Resnick is either a faculty member or academic staff of the Uni-

versity of Wisconsin System and was acting within the scope of his employment when he negligently performed surgery on Karen, then he was not acting as "an agent of the authority," ostensibly or otherwise.

¶ 27. The Suchomels concede Resnick was a member of the faculty and academic staff at the medical school when he operated on Karen. They also concede Resnick was a state employee. This concession is based on Resnick's answer to the Suchomels' complaint where he admits being an employee of the state when Karen was under his care and was acting within the scope of his duties as a state employee at that time. The Suchomels then claim, somewhat confusingly, that because Resnick concedes he was acting pursuant to his duties as a state employee when he operated on Karen, he does not come within the terms of WIS. STAT. § 233.17(2)(b). We reject this distinction.

¶ 28. The purpose of WIS. STAT. § 233.17(2)(b) is to avoid liability for UWHC. It is undisputed all faculty or academic staff of UWHC are employees of the state.[5] Thus, the distinction drawn by the Suchomels between being a member of the faculty and a state employee is a distinction without a difference. In other words, a member of the faculty is also a state employee and thus not an agent of UWHC within the meaning of § 233.17(2)(b). Furthermore, the Suchomel's interpretation of this statute would render it meaningless. Under their construction the statute would not apply to faculty or academic staff of UWHC who, by definition, are also state employees. Thus, virtually no member of the faculty or academic staff would fall under

---

[5] Of course, there may be exceptions. However, for the purpose of this appeal, nobody disputes the general belief that all members of the faculty or academic staff of UWHC are employees of the state.

§ 233.17(2)(b). This, of course, is an absurd result because it would be contrary to the clearly stated purpose of the statute, which, as we noted, was to protect UWHC.

¶ 29.   With respect to the Suchomels' argument that the legislature intended to limit the scope of WIS. STAT. § 233.17(2)(b) to actual agency, we observe that the text of the statute makes no such limitation. Indeed, the statute unambiguously encompasses all forms of agency, which necessarily includes actual, apparent, or ostensible. Moreover, the Suchomels offer no reasonable explanation for why the legislature would wish to limit this protection to just actual agency. Certainly, if the legislature intended the result the Suchomels argue, it would have said "as an actual agent of the authority." Of course, it did not and we see no reason why we should construe this statute in this manner.

¶ 30.   Thus, because the undisputed facts establish Resnick was a faculty member of the University of Wisconsin medical school and acted within the scope of these duties when he performed surgery on Karen, we conclude he was not an "agent" of UWHC within the meaning of WIS. STAT. § 233.17(2)(b). Accordingly, we conclude the trial court correctly dismissed the Suchomels' claim against UWHC based on ostensible agency.

*By the Court.*—Judgment affirmed.