# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 2, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP828**

STATE OF WISCONSIN

Cir. Ct. No. 2022SC2605

IN COURT OF APPEALS
DISTRICT III

RODNEY ALLEN LARSON,

    PLAINTIFF-APPELLANT,

V.

JARED VANLANEN AND TUCKAWAY STORAGE LLC,

    DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Outagamie County: MARK G. SCHROEDER, Judge. *Affirmed*.

¶1 GILL, J.[1] Rodney Larson, pro se, appeals a small claims judgment finding that he did not meet the requisite burden of proof and did not have a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

recoverable claim for the disposal of merchandise located inside of a container placed on the property of Tuckaway Storage LLC. For the following reasons, we affirm.

## BACKGROUND

¶2      Larson filed this small claims action against Jared VanLanen, alleging that VanLanen had improperly directed Gene Frederickson Trucking (hereinafter, "Gene Frederickson") to remove a container that Larson had placed on Tuckaway Storage's property. Larson sought damages for merchandise that was allegedly inside the container at the time of its removal. On February 8, 2023, a hearing was conducted, and a court commissioner ruled in favor of VanLanen, dismissing Larson's claims. Larson sought de novo review of the court commissioner's decision, and the following facts are taken from the evidence introduced at the resulting trial de novo.[2]

¶3      Larson rented a storage unit from Tuckaway Storage in Winnebago County, which is co-owned and operated by VanLanen. On November 10, 2020, Larson directed Goldin Iron and Metal (hereinafter, "Goldin Iron")[3] to transfer merchandise from his consignment store in Fox Crossing to his rented unit at

---

[2] After the ruling from the court commissioner, Larson filed the demand for a trial against Tuckaway Storage. During the trial de novo, both VanLanen and Tuckaway Storage were defendants; however, the circuit court granted VanLanen's motion for summary judgment dismissing him as an individual party, concluding that there was no evidence that his actions were outside the scope of his employment with Tuckaway Storage. Larson does not challenge the court's decision granting VanLanen's motion for summary judgment.

Additionally, Gene Frederickson is not a party to this lawsuit.

[3] Goldin Iron is a third party that Larson contracted with and is a not a party in this case.

Tuckaway Storage using a large container. Following the transfer, Goldin Iron parked the container next to Larson's storage unit. Larson testified that he intended to transfer the items into his unit and then have Goldin Iron pick up the container. Larson testified that the container was full of items, but he was only able to estimate that the total value of its contents was between $10,000 and $70,000. VanLanen stated that he believed the container was empty.

¶4 VanLanen testified that around the time the container was parked next to Larson's storage unit, VanLanen's wife received a complaint from another renter about the placement of the container. Thereafter, VanLanen contacted Gene Frederickson to have the container removed. VanLanen testified that his "best guess" as to when he called Gene Frederickson was mid-day on November 16, 2020. However, Larson introduced, and the circuit court admitted, a "phone memo" from Gene Frederickson purporting to show that the phone call occurred on November 10, 2020. (Formatting altered.)

¶5 VanLanen testified that he reviewed surveillance footage from the storage facility and observed a Gene Frederickson truck at the facility on November 17, 2020. According to VanLanen, he did not believe that Gene Frederickson had any other reason for being at the storage facility other than to remove Larson's container. VanLanen further testified that he could not artificially change the date of the security footage. Ultimately, Gene Frederickson removed the container and transferred it to the Outagamie County Landfill. VanLanen stated that he did not instruct Gene Frederickson to take the container to the landfill.

¶6 Later, Larson went to Tuckaway Storage and found that the container was missing, and he contacted VanLanen to inquire about its location.

VanLanen informed Larson that he had Gene Frederickson remove the container from the property. Larson contacted Gene Frederickson, which confirmed that the container had been removed.

¶7      Following the close of evidence, Larson argued that the surveillance footage photos provided by VanLanen were not credible. Larson asserted that the surveillance footage was doctored because the date of the container's removal was November 16, 2020, but the date shown on the photos was November 17, 2020.

¶8      The circuit court ruled in favor of Tuckaway Storage. The court found that there were some items, of undetermined value, inside the container and that property was delivered to Tuckaway Storage and went missing, which created some kind of loss for Larson.[4]  However, the court concluded there was no recoverable claim because Larson had failed to meet his burden of proof as to the value of the container's contents or that Tuckaway Storage was liable for removing the container.

¶9      The circuit court stated that nothing in the record, including the rental agreement between Larson and Tuckaway Storage, demonstrated that Larson had the right to park a container outside of his storage unit. Additionally, the court determined that because Larson did not provide notice to Tuckaway Storage of his placing the container on the property—and because there was no consideration regarding the container's placement—no duty was created for

---

[4] The circuit court stated that the nature of Larson's consignment business made it difficult to estimate the value of the items, and, therefore, Larson failed to meet his burden to prove to a reasonable certainty the value of damages he claimed that he sustained as a result of Tuckaway Storage's actions.

Tuckaway Storage to ensure that the container and any items inside it remained on the property. The court further found that VanLanen did not doctor the surveillance footage, stating that it believed that VanLanen located surveillance footage that he regarded as helpful for his position and "stopped looking." Finally, the court stated that it had "questions" and "concerns" about some of the testimony provided, but the court concluded that the concerning testimony did not create a circumstance where the court was able to find in Larson's favor. Accordingly, the court entered a judgment awarding VanLanen statutory attorney fees and dismissing Larson's claims with prejudice.

¶10    Larson now appeals.

## DISCUSSION

¶11    On appeal, Larson asserts that the circuit court erred by dismissing his claims for three reasons. First, he argues that the court erroneously credited VanLanen's testimony because VanLanen perjured himself. Second, Larson contends the court erroneously relied on the photos taken from the surveillance footage because those photos are "fraudulent."[5] Third, Larson asserts that the

---

[5] Citing *J.K. v. Peters*, 2011 WI App 149, ¶25, 337 Wis. 2d 504, 808 N.W.2d 141, Tuckaway Storage argues that Larson "waived any reconsideration of the factual issues on appeal" by failing to file a "posttrial motion." "The well-established law in Wisconsin is that 'the failure to include alleged errors in the motions after verdict constitutes a waiver of the errors.'" *Suchomel v. University of Wis. Hosp. & Clinics*, 2005 WI App 234, ¶10, 288 Wis. 2d 188, 708 N.W.2d 13 (citation omitted). However, questions concerning the sufficiency of the evidence need not be raised in the circuit court before being raised on appeal. WIS. STAT. § 805.17(4).

(continued)

court erred by finding that he did not meet his burden of proof because Tuckaway Storage was obligated under WIS. STAT. § 704.90 to guarantee that the container was not removed.

¶12    Larson's appeal is essentially a challenge to the circuit court's decision that he failed to meet his burden of proof.  On appeal, the circuit court's factual findings will not be set aside unless they are clearly erroneous.  WIS. STAT. § 805.17(2).  "Whether a party has met its burden of proof is a question of law that an appellate court reviews de novo."  *Outagamie County v. Melanie L.*, 2013 WI 67, ¶88 n.25, 349 Wis. 2d 148, 833 N.W.2d 607.

## I.  Findings of fact

¶13    As to Larson's first and second arguments, he first asserts that VanLanen perjured himself at trial regarding the date he called Gene Frederickson, the date the container was removed, and his belief that the container was empty.  Larson further contends that VanLanen doctored the security footage to show that the container was removed on November 17, 2020, as opposed to November 16, 2020.

¶14    We need not reexamine this evidence because the record does not reflect that the circuit court relied upon these facts in reaching its decision that Larson had failed to meet his burden to prove that Tuckaway Storage owed him a

___

While Larson did not file any postverdict motions, we conclude that the circuit court's factual findings are properly before this court for our review.  Larson's appeal can reasonably be viewed as a challenge to the sufficiency of the evidence, and Tuckaway Storage cites no authority to the contrary.  Moreover, we note that the truthfulness of VanLanen's testimony was challenged at trial, and the circuit court informed Larson—who was representing himself—after trial that he had the "right to appeal" the court's decision "to the Court of Appeals now."  *See Wosinski v. Advance Cast Stone Co.*, 2017 WI App 51, ¶¶61-62, 377 Wis. 2d 596, 901 N.W.2d 797.

duty and the value of his loss. In fact, the court stated that it had "concerns" about VanLanen's testimony and that it heard testimony that it did not "find particularly credible." However, the court explained that the questionable testimony did not implicate its ultimate decision because, regardless, Larson had failed to "prove a recoverable claim under Wisconsin law."[6]

¶15　We agree with the circuit court's analysis. For reasons we explain in the following section of this opinion, WIS. STAT. § 704.90—which is the only legal basis for recovery that Larson cites on appeal—did not apply to Tuckaway Storage's removal of the container. Therefore, Larson's claim under that statute failed regardless of the factual issues he now attempts to relitigate.

## II. WISCONSIN STAT. § 704.90

¶16　Larson next argues that Tuckaway Storage was obligated to guarantee that the container would stay on its property. In support, Larson cites WIS. STAT. § 704.90, which governs self-service storage facilities.[7] Before the circuit court, Larson did not explicitly argue that Tuckaway Storage had violated § 704.90.[8] We could therefore deem Larson's arguments forfeited, but we nonetheless address them because Larson argued, generally, that the container was

---

[6] The circuit court did find that VanLanen did not doctor the security footage. However, the court further explained that its ultimate decision rested on its conclusion that Larson failed to "prove a recoverable claim under Wisconsin law."

[7] Larson also cites a legislative act from 2017 in support of his position. However, that legislative act modified WIS. STAT. § 704.90, and the act's revisions are reflected in the current version of the statute.

[8] At trial, Larson argued at one point that the removal of the container constituted theft, and the circuit court stated that Larson's cause of action was "essentially an intentional tort of destruction of property." Larson does not now contend that he alleged any claim other than one under WIS. STAT. § 704.90.

removed illegally. *See **Thompson v. Ouellette***, 2023 WI App 7, ¶15, 406 Wis. 2d 99, 986 N.W.2d 338 ("[F]orfeiture is a rule of judicial administration and, under appropriate circumstances, we can overlook a party's forfeiture and address the merits of an unpreserved argument.").

¶17    Under WIS. STAT. § 704.90(5)(b), a self-service storage unit operator may not dispose of or sell personal property or have a vehicle removed from the leased space unless the operator provides notice to the lessee and certain conditions are met.  The leased space is defined as a "self-service storage unit or a space located within a self-storage facility that a lessee is entitled to use" to store personal property pursuant to the rental agreement.  *See* § 704.90(1)(b).  The rental agreement is defined as the lease or agreement between the lessee and operator that establishes the use of the leased space.  *See* § 704.90(1)(f).  A lessee that is injured by a violation of § 704.90 may bring a civil action to recover damages and equitable relief as determined by the court.  *See* § 704.90(12).

¶18    The circuit court found that although the rental agreement was not signed by Larson, there was clearly an agreement between Larson and Tuckaway Storage for Larson to use the storage unit.  The leased spaced under the rental agreement between Larson and Tuckaway Storage was the unit marked "D45." The rental agreement did not include a provision permitting the use of another part of the storage facility outside of the leased space.  Larson testified that the rental agreement did not permit him to temporarily leave the container of merchandise outside of his unit, but that nothing in the agreement prohibited him from doing so. He also testified that he had left containers outside of storage units before at other storage facilities.  Larson stated that he did not give notice to Tuckaway Storage that the container would be temporarily left on the property.

¶19 Under these facts, we agree with the circuit court that Tuckaway Storage had no duty to ensure that the container remained on its property because the container was outside of Larson's leased space covered by the rental agreement. The container was therefore not removed from Larson's leased space in violation of WIS. STAT. § 704.90(5)(b). Further, the testimony and other evidence did not demonstrate that Larson had the right to have the container dropped off and stored at Tuckaway Storage outside of his unit, and Larson provides no statutory authority to support his claim that property may not be removed by an operator even if it is outside a "lessee's leased space." *See* § 704.90(5r)(a).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.